Jonathan D. Bletzacker (12034)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
jbletzacker@parsonsbehle.com
ecf@parsonsbehle.com

Stephen T. Gannon (*Admitted Pro Hac Vice*)
Cameron S. Matheson (*Admitted Pro Hac Vice*)
Nellie Dunderdale (*Admitted Pro Hac Vice*)
David Nordlinger (*Admitted Pro Hac Vice*)
**DAVIS WRIGHT TREMAINE LLP**
4870 Sadler Road, Suite 301
Richmond, Virginia 23060
SteveGannon@dwt.com
CameronMatheson@dwt.com
NellieDunderdale@dwt.com
DavidNordlinger@dwt.com

*Attorneys for Defendants Green United, LLC, and Wright W. Thurston*
*And Relief Defendants True North United Investment, LLC and Block Brothers, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>GREEN UNITED, LLC, et al.,<br><br>Defendants. | **DEFENDANTS GREEN UNITED, LLC AND WRIGHT W. THURSTON AND RELIEF DEFENDANTS TRUE NORTH UNITED INVESTMENTS, LLC AND BLOCK BROTHERS, LLC RESPONSE TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 2:23-cv-00159-BSJ<br><br>Judge Bruce S. Jenkins |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully respond to the SEC's notice of supplemental authority, which asserts that the out-of-circuit, district court opinion *SEC v. Terraform Labs Pte. Ltd.*, 23-CV-1346 (JSR), 2023 WL 4858299 (S.D.N.Y. July 31, 2023) provides additional authority for rejecting Defendants' Major Questions Doctrine and fair notice defenses. *See* ECF No. 48 at 2. It does not.

First, the *Terraform* ruling ignores recent Supreme Court applications of the Major Questions Doctrine. The *Terraform* ruling holds that the Major Questions Doctrine does not apply to the cryptocurrency industry because that industry is not "on the same plane of importance" as the tobacco and energy industries. *Id.* But that is not the threshold test of economic and political significance. In its recent opinions, the Court looked to the size of an industry or regulatory costs without comparison to the tobacco or energy industries. *See Biden v. Nebraska*, 143 S. Ct. 2355, 2373 (2023) (there is no serious dispute that costs in the range of $469 billion to $519 billion constitute a significant portion of the economy); *Alabama Ass'n of Realtors v. Dep't of Health & Human Servs.*, 141 S. Ct. 2485, 2489 (2021) (cost of $50 billion triggered analysis).[1] The $1 trillion digital asset industry, which reaches the one in five Americans who own cryptocurrencies, similarly comprises a significant portion of the economy. *See also Commonwealth v. Biden*, 57 F.4th 545, 548 (6th Cir. 2023) (applying the Major Questions Doctrine to a vaccine mandate for federal contractors where 20% of the nation's labor force works for a federal contractor).

Second, the *Terraform* ruling ignores the necessary context that Congress is actively considering legislative proposals that do not vest sole regulatory power over digital assets with the

---

[1] In other Major Questions Doctrine cases, the Court has not precisely quantified "size." *See, e.g., King v. Burwell,* 576 U.S. 473, 485-486 (2015) ("billions of dollars" impacting "millions of people"); *UARG v. EPA,* 573 U.S. 302, 324 (2014) (the power to require permits for stationary sources of greenhouse gases); *Gonzales v. Oregon,* 546 U.S. 243, 267-268 (2006) (use of certain scheduled drugs for physician assisted suicide).

SEC, strongly suggesting it believes the issue to be major.[2] Indeed, one bill has already passed out of committee with bipartisan support. It is incorrect to find clear congressional authorization for expansive SEC authority where Congress is currently debating a different regulatory regime.

Third, the *Terraform* ruling further demonstrates the confusing impact of regulation by enforcement. Until recently, the SEC disclaimed its regulatory authority.[3] Years after the conduct at issue in this case, the SEC reversed course and initiated a campaign of regulation by enforcement based on aggressive interpretations of the terms "investment contract" and "scheme." Today, the result is that district courts, even in the same district, are reaching different conclusions on when a digital asset is a security. *Compare Terraform*, 2023 WL 4858299, at *15, with *SEC v. Ripple Labs, Inc.*, 20 CIV. 10832 (AT), 2023 WL 4507900, at *11-12 (S.D.N.Y. July 13, 2023).

DATED this 9th day of August, 2023.

**PARSONS BEHLE AND LATIMER**

/s/ *Jonathan D. Bletzacker*
Jonathan D. Bletzacker

**DAVIS WRIGHT TREMAINE LLP**

/s/ *Stephen T. Gannon*
Stephen T. Gannon
Cameron S. Matheson
Nellie Dunderdale
David Nordlinger

*Attorneys for Defendants Green United, LLC, and Wright W. Thurston and Relief Defendants True North United Investment, LLC and Block Brothers, LLC*

---

[2] *See, e.g.,* Financial Innovation and Technology for the 21st Century Act, H.R. 4763, 118th Cong. (2023), www.congress.gov/bill/118th-congress/house-bill/4763/text?s=1&r=1; Clarity for Payment Stablecoins Act of 2023, H.R. 4766, 188th Cong. (2023), www.congress.gov/bill/118th-congress/house-bill/4766/text?s=2&r=1&q=%7B"search"%3A%5B"H.R.+4766"%5D%7D.
[3] *See, e.g., Game Stopped? Who Wins and Loses When Short Sellers, Social Media, and Retail Investors Collide, Part III*: Hearing Before the H. Fin. Servs. Comm., 117th Cong. 12 (May 6, 2021) (statement of Gary Gensler, SEC Chairman).

**CERTIFICATE OF SERVICE**

On this 9th day of August 2023, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

/s/ Jonathan D. Bletzacker