MICHAEL E. WELSH (Massachusetts Bar No. 693537)
WelshMi@sec.gov
CASEY R. FRONK (Illinois State Bar No. 6296535)
Admitted Pro Hac Vice
FronkC@sec.gov
Counsel for Plaintiff
U.S. Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, UT 84101-1950
Tel.: (801) 524-5796
Fax: (801) 524-3558

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br>   v.<br><br>GREEN UNITED, LLC, et al.,<br><br>            Defendants. | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OBJECTION TO DEFENDANTS' PROPOSED INTERIM ORDER ON DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:23-cv-00159-BSJ<br><br>Judge Bruce S. Jenkins |

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this objection to Defendants' Proposed Interim Order (Dkt No. 54). As set forth below, the SEC objects to Paragraphs 3 and 5 of the Proposed Order because they fail to accurately reflect the Court's ruling during the September 8, 2023 hearing. Specifically, the Proposed Order should reflect that the supplemental briefing requested by the Court not contain evidence from outside the pleadings, and that the Court granted the SEC leave to amend its complaint.

## I. Objection to Proposed Order Allowing Evidence Outside the Complaint in Supplemental Briefing

When a party moves to dismiss under Rule 12(b)(6) and the district court relies upon material from outside the complaint, the court converts the motion to dismiss into a motion for summary judgment. Fed.R.Civ.P. 12(d); *Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004). If the district court intends to convert a motion to dismiss to a motion for summary judgment, the court "must provide the parties with notice so that all factual allegations may be met with countervailing evidence." *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (citing *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir.1986)).

During the September 8, 2023 hearing, the Court ordered the parties to file supplemental briefing regarding Defendants' alleged investment offering, including a description of the Green Box and Green Node mining software and any agreements or promises made by Defendants in connection with the offer and sale of the mining software. By ordering supplemental briefing regarding the Complaint's factual allegations, the Court did not indicate any intention to convert Defendants' Motions to Dismiss to summary judgment motions. Accordingly, Plaintiff objects to the Paragraph 3 of the Proposed Order and respectfully requests that the Order reflect that the supplemental briefing should not contain documents, facts, and other evidence from outside the Complaint.

## II. Objection To Proposed Order Preventing the SEC from Amending Its Fraud Claim Against Thurston

During September 8, 2023 hearing, the Court explicitly granted the SEC leave to amend the Complaint with respect to the fraud claims against Thurston. When a court states that a party has leave to amend, it is granting its permission for the party to amend its complaint. *See, e.g.*,

*Johnson v. Clark*, 2018 WL 11475922, at *2 (D. Wyo. Aug. 27, 2018) ("'Leave' to amend means 'permission' to amend.").

Contrary to the Court's ruling, the Proposed Order seeks to preclude the SEC from availing itself of the leave to amend granted by the Court. Specifically, Paragraph 5 of the Proposed Order states that "Plaintiff shall file an amended Complaint against Wright Thurston, ***if any, only after*** the Court has ruled on the pending Motions to Dismiss, and only if the Court does not grant those Motions with prejudice." (Dkt No. 54 at 2 (emphasis added)). During the parties' meet and confer regarding the scope of the Proposed Order, Defendants admitted that the Court's ruling did not include any such limitation on the SEC's ability to amend the Complaint. Rather than seek clarification form the Court, Defendants refused to remove Paragraph 5 and filed the Proposed Order without notifying the Court of the parties' dispute. The SEC objects to Paragraph 5 of the Proposed Order and respectfully requests that the Court reject Defendants' attempt to unilaterally alter the Court's ruling.

### III.  Conclusion

The SEC objects to the Proposed Order as set forth above and respectfully requests that the Court's Order (a) reflects that any supplemental briefing on the alleged securities offering must be confined to the factual allegations of the Complaint, and (b) strike Paragraph 5 of the Proposed Order.

Dated: September 20, 2023.

                                Respectfully submitted,

                                **SECURITIES AND EXCHANGE COMMISSION**

                                _/s/ Michael E. Welsh_
                                Michael E. Welsh
                                Casey R. Fronk
                                Attorneys for Plaintiff
                                Securities and Exchange Commission

## CERTIFICATE OF SERVICE

On this 20th day of September 2023, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

/s/ Michael E. Welsh