Michael E. Welsh (Massachusetts Bar No. 693537)
welshmi@sec.gov
Troy Flake (California Bar No. 267523)
flaket@sec.gov
Casey R. Fronk (Illinois Bar No. 6296535)
fronckc@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>GREEN UNITED, LLC, a Utah limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual,<br><br>    Defendants,<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability company; and BLOCK BROTHERS, LLC, a Utah limited liability company;<br><br>    Relief Defendants. | **SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00159-HCN-CMR<br><br>Judge Howard C. Nielson<br>Magistrate Judge Cecilia M. Romero |

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Securities and Exchange Commission ("SEC") moves for leave to file an amended complaint. The proposed amended complaint and a redline are filed as attachments to this Motion pursuant to DUCivR 15-1.

1

Consistent with Rule 15(a)(2) and the Court's prior determination, the Court should grant the requested leave to amend because there is no prejudice to defendants and amendment is not futile.

## BACKGROUND

The SEC filed its complaint on March 3, 2023. Dkt. 1. On May 19, 2023, Defendants Green United, LLC and Wright Thurston, and Defendant Kristoffer Krohn ("Defendants") filed Motions to Dismiss. Dkt. 23, 28.

Following briefing on those motions, on September 8, 2023, Judge Jenkins held a hearing on Defendants' Motions to Dismiss. Dkt. 51. At that hearing, Judge Jenkins granted Defendant Wright Thurston's motion to dismiss the fraud claims against him pursuant to Fed. R. Civ. P. 9(b). *See* Dkt. 66-1, Excerpts of Transcript of September 8, 2023 Hearing at 77:23-78:2. In connection with his ruling, Judge Jenkins also expressly granted the SEC leave to amend the fraud claims against Thurston, *id*., and requested supplemental briefing on the securities at issue. *Id*. at 78:3-79-7.

On September 25, 2023, Defendants submitted the requested supplemental briefing, Dkt. 57, 58, and on October 27, 2023, the SEC filed its response, Dkt. 62. On November 20, 2023, this case was reassigned to Judge Nielson.

On December 22, 2023, the SEC filed a status report informing the Court that it intended to file an amended complaint but was awaiting a written order from Judge Jenkins. Dkt. 66 The Court ordered the SEC to promptly file its motion for leave to amend. Dkt. 72.

## ARGUMENT

Fed. R. Civ. P. 15(a) provides that after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party" and specifies that "leave shall be freely given when justice so requires."

In the absence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The most important factor in deciding a motion to amend the pleadings "is whether the amendment would prejudice the nonmoving party" by unfairly affecting a defendant's ability to prepare its defense. *Id*. at 1207-08. Courts also consider whether amendment would be futile. *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir.2004). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id*.

Judge Jenkins previously permitted the SEC leave to amend its fraud claim against Thurston. *See* Dkt. 66-1 at 77:23–78:2. Consistent with that determination, the proposed amended complaint adds additional factual allegations to support the SEC's fraud claims against Thurston. *See* Ex. A ¶¶ 64–73. The proposed amended complaint also revises certain factual allegations set forth in the original complaint in light of Defendants' arguments regarding the sufficiency of the pleadings to Defendants' conduct involved the offer and sale of "securities." *E.g.*, *id.*, ¶¶ 28, 31,

3

34–35, 39. The proposed amended complaint also adds a jury demand, pursuant to Rule 39(b).[1] The proposed amended complaint does not seek to include additional parties or causes of action.

Defendants will not be prejudiced by amendment. The parties have not conducted discovery, and nothing in the amended complaint precludes Defendants from preparing their defense. Further, amendment is not futile because the proposed amended complaint details well-pled allegations supporting each of the SEC's causes of action, including by pleading with particularity the time, place, and manner of Green United's and Krohn's fraudulent statements to investors. *See, e.g.*, *id.* ¶¶ 52, 59. Accordingly, the SEC respectfully requests that the Court grant its motion for leave to amend.

## CONCLUSION

For the reasons set forth above, the SEC respectfully requests that the Court grant its motion for leave to file the amended complaint.

Dated: January 24, 2024.

**SECURITIES AND EXCHANGE COMMISSION**

/s/ *Troy Flake*
Troy Flake
Casey R. Fronk
*Attorneys for Plaintiff Securities and Exchange Commission*

---

[1] *See Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (requests for a jury trial pursuant to Rule 39(b) are to be granted "absent strong and compelling reasons to the contrary."); *see also Lapine v. Omega Flex, Inc.*, No. 2:18-cv-00028-DB, 2019 WL 5696319, *1–2 (D. Utah Nov. 4, 2019) (unpublished) (same); *McConkie v. McGinnis*, No. 2:09cv274, 2010 WL 4687726, *1 (D. Utah Nov. 10, 2010 (unpublished) ("In the Tenth Circuit, it is well settled that 'absent strong and compelling reasons to the contrary a district court should exercise its discretion under Rule 39(b) and grant a jury trial.'") (quoting *AMF Tuboscope Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965)).

## CERTIFICATE OF SERVICE

On this 24th day of January, 2024 I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

/s/ <i>Troy K. Flake</i>