Jonathan D. Bletzacker (12034)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
jbletzacker@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendants Green United, LLC and Wright W. Thurston and Relief Defendants*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREEN UNITED, LLC, et al.,<br><br>Defendants. | **DEFENDANTS' JOINT NOTICE OF NON-OPPOSITION TO SEC'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00159-HCN-CMR<br><br>Judge Howard C. Nielson<br>Magistrate Judge Cecilia M. Romero |

Defendants Green United, LLC and Wright W. Thurston, and the Relief Defendants True North United Investments, LLC and Block Brothers, LLC, with Defendant Kristoffer A. Krohn (collectively, the "Defendants"), through counsel of record, hereby jointly submit this Notice of Non-Opposition to Plaintiff Securities and Exchange Commission's ("SEC") Motion for Leave to File Amended Complaint [Dkt. 75] (the "Motion").

The SEC correctly states that after full briefing and oral argument on Defendants' Motions to Dismiss, Judge Jenkins ruled, "I'll grant the motion to dismiss, with leave to amend, Mr. Thurston's, that is, the SEC's claim against Mr. Thuston in reference to fraud, but just in reference to fraud. Whether it's stated expressly or indirectly, that needs to be clarified with some degree of

care. As to the remaining motions, I'm going to reserve on those."[1] Judge Jenkins then ordered a supplemental briefing which has been completed.[2]

After the passing of the honorable Judge Jenkins, this Court scheduled additional oral argument on the Motions to Dismiss and the SEC informed the Court that it intended to file a request for leave to file amended complaint. Dkt. 66, 67. The Court vacated the hearing and stated, "Once briefing has been completed on that motion, the court will schedule a hearing to address both that motion and the two pending motions to dismiss." Dkt. 72.

The SEC's proposed amended complaint includes additional allegations regarding Thurston and the various fraud claims. If these were the only additions to the proposed complaint, Defendants would request that the Court first rule on the pending key fundamental and jurisdiction question of whether the SEC has properly and adequately alleged a "common enterprise" as a necessary element of an investment contract. If the SEC failed in that regard, then the entire complaint, including the current and proposed fraud claims, fail as a matter of law.

However, instead of seeking a ruling on the pending security question, the SEC is abandoning its original Complaint by requesting leave to add additional allegations regarding the security question in an attempt to address the issue. The SEC stated in its Motion that "[t]he proposed amended complaint also revises certain factual allegations set forth in the original complaint in light of Defendants' arguments regarding the sufficiency of the pleadings to Defendants' conduct involved the offer and sale of 'securities.'" SEC's Mot., at 3-4 (citing paragraphs 28, 31, 34-35, 39 as the added allegations regarding the security question).

---

[1] *See* Dkt. 66-1, Excerpts of Transcript of September 8, 2023 Hearing at 77-79; *see also* SEC Mot., at pg. 2 [Dkt. 75].
[2] *Id.* Supplemental briefs are found at Dkt. 57, 58, and 62.

4873-9840-4005.v1

While Defendants do not believe that the proposed changes in the amended complaint solve the SEC's pleading deficiencies regarding the presence of a security, Defendants believe that the correct forum to discuss this issue with the Court is through a Rule 12 motion and not an opposition to a request for leave to amend based on futility grounds under Rule 15. *Penhall v. Young Living Essential Oils*, 2021 WL 3774352, *2 (D. Utah, August 24, 2021) (Magistrate Judge Cecilia M. Romero) ("Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend places the cart before the horse, and rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.") (internal citations and quotes omitted).

Accordingly, Defendants hereby provide their "written consent" to the SEC's request to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. The SEC's Motion is now moot, as no Court action is required under Rule 15 if all parties stipulated to the filing of an amended pleading. After the amended complaint is filed, Defendants will respond by filing motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure.

DATED this 13th day of February 2024.

**PARSONS BEHLE AND LATIMER**

/s/ *Jonathan D. Bletzacker*
Jonathan D. Bletzacker

*Attorneys for Defendants Green United, LLC, and Wright W. Thurston and Relief Defendants True North United Investment, LLC and Block Brothers, LLC*

4873-9840-4005.v1

DATED this 13th day of February 2024.

        **FOLEY & LARDNER LLP**

        /s/ *Thomas J. Krysa*
        Thomas J. Krysa (*with permission*)

        *Attorneys for Defendant Kristoffer Krohn*

## CERTIFICATE OF SERVICE

On this 13th day of February 2024, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

/s/ Jonathan D. Bletzacker

4873-9840-4005.v1