David J. Jordan
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Tel. (801) 401-8919
Email: djordan@foley.com

Thomas J. Krysa (*pro hac vice*)
Stephanie Adamo (*pro hac vice*)
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Tel. (720) 437-2000
Email: tkrysa@foley.com
       sadamo@foley.com

*Attorneys for Kristoffer Krohn*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>GREEN UNITED, LLC, a Utah limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual;<br><br>       Defendants,<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability; and BLOCK BROTHERS, LLC, a Utah limited liability company;<br><br>       Relief Defendants. | Case No.: 2:23-CV-00159-AMA-CMR<br><br><br>**DEFENDANT KRISTOFFER KROHN'S MOTION TO CERTIFY ORDER ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i
TABLE OF AUTHORITIES .......................................................................................................... ii
STATEMENT OF THE ISSUE TO BE DECIDED ...................................................................... 1
   I.   INTRODUCTION .............................................................................................................. 1
   II.   BACKGROUND ................................................................................................................ 2
   III.   LEGAL STANDARD ........................................................................................................ 3
   IV.   ARGUMENT ...................................................................................................................... 4
      A.   The Order Involves a Controlling Question of Law ...................................................... 4
      B.   There Is Substantial Ground for Difference of Opinion ............................................... 5
      C.   Interlocutory Appeal May Materially Advance the Ultimate Termination of the Litigation ................................................................................................................................. 7
   V.   CONCLUSION ................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**                                                                       **Page(s)**

*Chamberlain v. Crown Asset Mgmt.*,
   622 F.Supp.3d 1068 (D. Utah 2022) ............................................................................... 4

*Kell v. Crowther*,
   2018 WL 813449 (D. Utah Feb. 9, 2018) .................................................................. 3, 4

*McGill v. Am. Land & Exploration Co.*,
   776 F.2d 923 (10th Cir. 1985) ......................................................................................... 6

*SEC v. Edwards*,
   540 U.S. 389 (2004) ........................................................................................................ 6

*SEC v. Scoville*,
   913 F.3d 1204 (10th Cir. 2019) ....................................................................................... 6

*SEC v. W.J. Howey Co.*,
   328 U.S. 293 (1946) .................................................................................................... 2, 6

*Sutton v. Utah State Sch. for Deaf and Blind*,
   173 F.3d 1226 (10th Cir. 1999) ....................................................................................... 4

*Tcherephnin v. Knight*,
   389 U.S. 332 (1967) ........................................................................................................ 6

*United States v. Intermountain Healthcare, Inc.*,
   2022 WL 742693 (D. Utah Mar. 11, 2022) ..................................................................... 4

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................... 1, 3, 7, 8

**Rules**

Fed. R. App. P. 5(a) ............................................................................................................ 3

Fed. R. App. P. 5(a)(3) ....................................................................................................... 3

## STATEMENT OF THE ISSUE TO BE DECIDED

Whether the Court should certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), its September 23, 2024 Order denying Defendant Kristoffer Krohn's Motion to Dismiss (Dkt. 104 ("Order")) on the issues of: whether the common enterprise element of an investment contract, under Tenth Circuit law, requires that an investor have some right, interest, or stake in the profits of the promoter's underlying business venture.[1]

### I. INTRODUCTION

The Order held that the SEC plausibly alleged that Green Box purchasers were engaged in a common enterprise with Defendant Green United, LLC ("Green United") and thus adequately pled an investment contract. But the SEC did not, and cannot, allege that Green Box purchasers had any right or stake in the profits of Green United's business operations. This Court should certify an interlocutory appeal to the Tenth Circuit to provide immediate clarity on this determinative legal issue at the heart of this litigation.

Krohn seeks certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the issue of whether the common enterprise element of an investment contract requires that an investor have some right, interest, or stake in the profits of the promoter's underlying business venture (*i.e.*, more than mere expectation of tangential profits). Krohn does not seek to reargue this point before the Court, but believes it should be certified for immediate appeal. Such certification is appropriate where, as here, the Order "[1] involves a controlling question of law [2] as to which there is

---

[1] Undersigned counsel has conferred with counsel for the SEC regarding the instant motion. SEC counsel stated that the SEC will oppose Mr. Krohn's motion.

substantial ground for difference of opinion and … [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

The first prong is satisfied because the issue Krohn seeks to appeal involves a controlling question of law that, if decided in Krohn's favor, would require dismissal of all claims against him. The second prong—requiring a "substantial ground for difference of opinion"—is also satisfied given the nascent stage of the cryptocurrency and blockchain technology at issue in the case. If Krohn prevails on the question presented, the case against him would be dismissed in full. It would be far more efficient and in the interests of justice to have this legal issue presented to the Tenth Circuit and resolved now rather than require Krohn to bear the costs of litigation and trial first.

## II. BACKGROUND

On March 20, 2024, Krohn moved to dismiss the SEC's Amended Complaint for failure to state a claim against him. (Dkt. 90 ("MTD").) Among other things, Krohn argued that the SEC failed to adequately allege an investment contract because the only thing Krohn sold was computer hardware called a Green Box, which is not a security. (MTD at 8-12) Krohn then addressed the elements of an investment contract, as defined in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946)—namely, (1) an investment, (2) in a common enterprise, (3) with a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. (*Id*. at 8.) Krohn argued that the second prong, a "common enterprise," was not adequately pled in the SEC's Amended Complaint. (*Id*. at 9-11.) The SEC argued that the economic reality of the transactions indicated an "investment scheme," and that it had adequately pled an investment contract. (Dkt. 96 ("Opp.") at 11-15.) Krohn replied on May 15, 2024. (Dkt. 102 ("Reply").)

On September 23, 2024, the Court denied Krohn's Motion to Dismiss. (*See* Order.) The Order held that the SEC sufficiently alleged a security in the form of computer hardware with a

hosting agreement to operate the hardware. (Order at 5.) The Order found the common enterprise element of the *Howey* test to be satisfied by the SEC's allegations of "collectively managed Green Boxes operated by Green United pursuant to hosting agreements." (*Id*. at 6.) The Order then surmised that "all investors share, proportionally, in the profits of the enterprise consisting of the jointly managed Green Boxes." (*Id*. at 6.)[2]

### III.  LEGAL STANDARD

A district judge may certify an otherwise non-appealable order in a civil action that "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and … [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

"[C]ontrolling questions of law under § 1292(b) include questions that (1) are serious to the conduct of the litigation, either practically or legally; (2) could affect the ability of the district court to render a binding decision or materially affect the outcome of the litigation in the district court; or (3) might save time for the district court, and time and expense for the litigants." *Kell v. Crowther*, 2018 WL 813449, *1 (D. Utah Feb. 9, 2018).

Substantial ground for difference of opinion under Section 1292(b) exists "where reasonable jurists might disagree," including "novel legal issues … on which fair-minded jurists

---

[2] However, the SEC did not specifically allege that investors were entitled to proportional profits from Green United's underlying business venture. Rather, the SEC alleged in essence that Green Box purchasers could profit due to an increase in the value of GREEN which purportedly could be mined using the Green Boxes. The closest the SEC comes is paragraph 24 of the Amended Complaint where it states that investors "shared in the profits and risks of the enterprise as they were dependent on Green United's expertise in successfully operating the purported mining operation…" However, this falls well short of alleging that Green Box purchasers directly shared in the profits from the Green United's business venture. The SEC's allegations are based solely on the first and third prongs of *Howey* but disregard the second.

3

might reach contradictory conclusions." *Chamberlain v. Crown Asset Mgmt.*, 622 F.Supp.3d 1068, 1072 (D. Utah 2022). The Tenth Circuit has made clear that "a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id*.

For "an immediate appeal to materially advance the ultimate termination of the litigation, it must (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *United States v. Intermountain Healthcare, Inc.*, 2022 WL 742693, *1 (D. Utah Mar. 11, 2022).

The Order satisfies all three requirements for certification of an interlocutory appeal under Section 1292(b). Although the Order was initially silent about appealability, the Court can certify its Order by amending it. Fed. R. App. P. 5(a)(3). If the Order is certified, the Court of Appeals ultimately decides whether to permit the appeal. *See* Fed. R. App. P. 5(a).

**IV.    ARGUMENT**

**A. The Order Involves a Controlling Question of Law**

The Order, which disposed of Krohn's Motion to Dismiss, involves a question of law. *See Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) ("sufficiency of a complaint is a question of law"). The question sought to be certified here is "controlling" because it could "materially affect the outcome of the litigation in the district court; or [] might save time for the district court, and time and expense for the litigants." *Kell*, 2018 WL 813449 at *1. If Krohn's alleged conduct of selling computer hardware does not create an investment contract, and thus a security, then Krohn cannot be liable under federal securities law. In that event, the SEC's entire case against Krohn must be dismissed.

B. **There Is Substantial Ground for Difference of Opinion**

The question underlying whether Krohn's sale of Green Boxes forms the basis of an investment contract is one about which there is substantial ground for difference of opinion. Such questions include "novel legal issues … on which fair-minded jurists might reach contradictory conclusions." *Chamberlain*, 622 F.Supp.3 at 1072. As the Order observes, cryptocurrency is a "relatively recent phenomenon." (Order at 2). Indeed, cryptocurrency mining and blockchain technology are the result of recent technological advances. Courts across the U.S. are currently grappling with issues related to whether crypto-related assets constitute securities under federal law in various contexts. *See e.g.*, *SEC v. Ripple Labs Inc.*, Case No. 20-cv-10832, S.D.N.Y (SEC appeal of summary judgment decision on issue of whether XRP token constituted a security); *SEC v. Payward, Inc.*, Case No. 3:23-cv-06003-WHO, N.D.Ca. (motion to certify decision on motion to dismiss pending); *SEC v. Coinbase, Inc.*, Case No. 23-cv-04738 (S.D.N.Y.) (motion to certify decision on motion to dismiss pending). The Tenth Circuit has not yet developed clear, binding law regarding what constitutes an investment contract in this new context involving cryptocurrency and blockchain technology. While the Order concluded that the SEC adequately alleged the existence of an investment contract under the facts pled in the Amended Complaint, reasonable judges might differ given the nascent stage of the technology involved in the instant case.

1. **Reasonable Judges Might Conclude that the Common Enterprise Element of an Investment Contract Requires that an Investor Have Some Right, Interest, or Stake in the Profits of the Promoter's Underlying Business Venture**

Substantial ground exists for a difference of opinion as to whether the common enterprise element of an investment contract requires that an investor have some right, interest, or stake in the profits of the promoter's underlying business venture (rather than a mere expectation of

5

tangential profits). As Krohn argued, individuals who purchased a Green Box did not have any right, interest, or stake in the profits of Green United's business venture. (Reply at 4.) This reality is confirmed by the underlying contract related to the Green Boxes (MTD at 4-5), which the SEC avoided in the Amended Complaint and the Order declined to consider, which expressly disclaimed that Green United was obligated to provide any future value to Green Box purchasers. (Order at 6, n14.)

Despite the SEC's assertion that the sale of Green Boxes was "paradigmatic" of an investment scheme (Opp. at 12), the SEC relied on cases with a clear common enterprise in which investors did in fact have a direct right or stake in the profits of the underlying business venture in question. (*Id.* at 12-16, 20-21.) *See Howey*, 328 U.S. at 299 (companies offered the opportunity "to share in the profits of a large citrus fruit enterprise"); *see also McGill*, 776 F.2d at 925-26 (investor "purchased the right to participate in the joint venture's operating profits not merely the right to enjoy capital appreciation on certain tangible assets"); *see also SEC v. Edwards*, 540 U.S. 389, 391-92 (2004) (returns were paid out of the operations of the business venture); *see also Tcherephnin v. Knight*, 389 U.S. 332, 337 (1967) (investors were entitled to dividends based on the association's profits); *see also SEC v. Scoville*, 913 F.3d 1204, 1220 (10th Cir. 2019) (investors were offered the opportunity to share in the enterprise's revenue). Indeed, Tenth Circuit law could reasonably be interpreted to require that the common enterprise element of an investment contract necessitates that an investor have some direct right to the profits of the enterprise.

Yet, the SEC has not (and cannot) allege that Green Box purchasers had any right or stake in the profits of Green United's business revenue. Rather, the SEC merely alleges in essence that Green Box purchasers were reliant on Green United to create the Green blockchain "ecosystem" where purchasers could mine cryptocurrency and profit from their mining operation. The fact that

6

Green Box purchasers were not offered the opportunity to share in Green United's profits underscores that Krohn was simply selling high-powered computer hardware, not a security. Under these circumstances, a reasonable judge could conclude that the absence of direct profit-sharing in the underlying business enterprise is fatal to the SEC's claims against Krohn.

### C. Interlocutory Appeal May Materially Advance the Ultimate Termination of the Litigation

As noted above, the SEC is seeking to hold Krohn liable for violations of federal securities law. If Krohn prevails on the issue presented in the Tenth Circuit, the case against him will not only be materially advanced, it will terminate. If the Tenth Circuit determines that the common enterprise element of an investment contract requires that an investor have some right, interest, or stake in the profits of the promoter's underlying business venture, then this action against Krohn would have to be dismissed.

Dismissal of the action at this early stage would minimize the burden of litigation on the parties and the judicial system. The burdens of this litigation are bound to be substantial for Krohn, a self-employed individual. The burden on the Court may involve extensive discovery, summary judgment motions, trial, and post-trial motions. The time and resources that will be expended could be avoided if the Tenth Circuit, upon certification, reverses on the legal ground at issue here.

### V. CONCLUSION

For the foregoing reasons, Defendant Krohn respectfully requests that the Court exercise its discretion to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

DATED this 24th day of October, 2024.

**FOLEY & LARDNER LLP**

*/s/ Thomas J. Krysa*

David J. Jordan
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Tel. (801) 401-8919
Email: djordan@foley.com

Thomas J. Krysa (*pro hac vice*)
Stephanie Adamo (*pro hac vice*)
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Tel. (720) 437-2000
Email: tkrysa@foley.com
         sadamo@foley.com

*Attorneys for Defendant Kristoffer Krohn*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October, 2024, a true and correct copy of the foregoing **DEFENDANT KRISTOFFER KROHN'S MOTION TO CERTIFY ORDER ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** was filed and served *via* CM/ECF which will serve on all parties of record.

*/s/ Heather Kunkel*
Heather Kunkel

9