James P. McDonald (New York Bar No. 4823910)
McDonaldJa@sec.gov
J. Emmett Murphy (New York Bar No. 4459947)
MurphyJoh@sec.gov
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294
Tel: (303) 844-1059

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>GREEN UNITED, LLC, a Utah limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual,<br><br>    Defendants,<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability company; and BLOCK BROTHERS, LLC, a Utah limited liability company;<br><br>    Relief Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTOFFER KROHN'S MOTION TO CERTIFY ORDER ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) [Dkt. No. 109]**<br><br>Case No. 2:23-cv-00159-HCN-CMR<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Cecilia M. Romero |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................................1

ARGUMENT ..........................................................................................................................................3

    I.    THERE ARE NO SUBSTANTIAL GROUNDS FOR A DIFFERENCE OF OPINION AS TO THE ISSUES ADDRESSED IN THE ORDER ..............................3

        A.    Applicable Law ................................................................................................3

        B.    Discussion ........................................................................................................4

CONCLUSION .......................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Chamberlain v. Crown Asset Mgmt.*,
   622 F. Supp. 3d 1068 (D. Utah 2022) ....................................................................................... 3

*Cont'l Mktg. Corp. v. SEC*,
   387 F.2d 466 (10th Cir. 1967) .................................................................................................. 2

*Freedom Transportation, Inc. v. Navistar Int'l Corp.*,
   No. 18-cv-2602 (JAR), 2020 WL 108670 (D. Kan. Jan. 9, 2020) ............................................ 4

*Homeland Stores, Inc. v. Resol. Tr. Corp.*,
   17 F.3d 1269 (10th Cir. 1994) .................................................................................................. 3

*IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*,
   No. 22-CV-02432 (EFM), 2024 WL 1140947 (D. Kan. Mar. 15, 2024) .............................. 7, 8

*Landreth Timber Co. v. Landreth*,
   471 U.S. 681 (1985) .................................................................................................................. 5

*McGill v. Am. Land & Exploration Co.*,
   776 F.2d 923 (10th Cir. 1985) .............................................................................................. 1, 2

*Mod. Font Applications LLC v. PetSmart, Inc.*,
   No. 2:19-CV-00613 (BSJ), 2020 WL 9255402 (D. Utah June 25, 2020) ................................ 3

*Phillips v. United States Army Corps of Engineers*,
   No. 2:21-CV-355 (TS), 2023 WL 2894496 (D. Utah Apr. 11, 2023) ...................................... 3

*Reves v. Ernst & Young*,
   494 U.S. 56 (1990) .................................................................................................................... 6

*Roberts v. C.R. England, Inc.*,
   No. 2:12-CV-00302 (RJS), 2018 WL 2386056 (D. Utah Apr. 24, 2018) ................................ 2

*SEC v. Coinbase, Inc.*,
   No. 23 CIV. 4738 (KPF), 2024 WL 1304037 (S.D.N.Y. Mar. 27, 2024) ................................. 7

*SEC v. Edwards*,
   540 U.S. 389 (2004) .............................................................................................................. 2, 5

*SEC v. Glen-Arden Commodities, Inc.*,
   493 F.2d 1027 (2d Cir. 1974) ................................................................................................... 2

*SEC v. Ripple Labs, Inc.*,
   682 F. Supp. 3d 308 (S.D.N.Y. 2023) ...................................................................................... 7

*SEC v. SG Ltd.*,
  265 F.3d 42 (1st Cir. 2001) ................................................................................................ 2

*SEC v. W.J. Howey Co.*,
  328 U.S. 293 (1946) ................................................................................................ *passim*

*State of Utah By & Through Utah State Dep't of Health v. Kennecott Corp.*,
  14 F.3d 1489 (10th Cir. 1994) ........................................................................................ 3

*Zurich Am. Ins. Co. v. Ascent Constr., Inc.*,
  No. 1:20-CV-00089 (DBB), 2022 WL 4016872, at *3 (D. Utah Sept. 2, 2022) ....................... 6

**Statutes**

15 U.S.C. § 77b ................................................................................................................... 6

28 U.S.C. § 1292 ............................................................................................................ 1, 3

## PRELIMINARY STATEMENT

Plaintiff United States Securities and Exchange Commission ("SEC" or the "Commission") respectfully submits this memorandum in opposition to Defendant Kristoffer Krohn's Motion to certify for interlocutory appeal ("Motion" or "Mot."), pursuant to 28 U.S.C. § 1292(b), the Court's September 23, 2024 Order that denied Krohn's Motion to Dismiss (Dkt. No. 104 ("Order")).

In moving to dismiss this case, Krohn and the other defendants argued that the Tenth Circuit has a uniquely strict test to determine the "common enterprise" element for investment contracts under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946). In relevant part, they argued that under *McGill v. Am. Land & Exploration Co*, 776 F.2d 923 (10th Cir. 1985), a common enterprise requires "stock-like" equity rights in the profits of the promoter's "underlying business venture," Mot. at 1, or, here, "the profits of Green United's business operations," *id*. The Court succinctly rejected that argument given that the Tenth Circuit has explicitly held that its "common enterprise" element is in fact *not as strict* as that in other Circuits and, in any event, as having no basis in, and indeed as being directly contrary to, the text of the Securities Act and explicit holdings of the Supreme Court and the Court of Appeals. Order at 6.

Krohn has now moved for the Court to certify an otherwise non-appealable order so he may seek an interlocutory appeal[1] with the Tenth Circuit on the basis that "there are substantial grounds for difference of opinion" as to "whether the common enterprise element of an investment contract requires that an investor have some right, interest, or stake in the profits of the promoter's underlying business venture (*i.e.*, more than mere expectation of tangential

---

[1] Notably, although the other four Defendants made the same arguments regarding common enterprise, they have not moved for interlocutory appeal of the Court's Order.

1

profits).") Mot. at 1. Recognizing his heavy burden in seeking this extraordinary relief, Krohn invokes the supposed novelty presented by the "nascent stage of the cryptocurrency and blockchain technology at issue in the case." *Id.* at 2. But apart from contradicting his earlier insistence that "the only thing Krohn sold was computer hardware," *id.*, 2, Krohn's vague appeal to evolving technology cannot overcome the plain inconsistency of his positions with established caselaw. This is evidenced by the Motion's failure to cite a single decision—in the crypto assets context or otherwise—that applies his very specific interpretation of *Howey* and *McGill* or which suggests that there is any ground, let alone a substantial ground, for a difference of opinion on the well-settled test for what constitutes an investment contract.

There is no dispute that the *Howey* test applies, and the Motion provides no basis to conclude that the investment contract at issue here was any more novel than the investment schemes involving citrus groves, fee-generating payphones, internet-focused games, beavers, or whiskey receipts where application of the *Howey* test sufficed. *Howey*, 328 U.S. 293; *SEC v. Edwards*, 540 U.S. 389 (2004) (payphones); *SEC v. SG Ltd.*, 265 F.3d 42 (1st Cir. 2001) (online investment game); *Cont'l Mktg. Corp. v. SEC*, 387 F.2d 466, 470 (10th Cir. 1967) (beavers); *SEC v. Glen-Arden Commodities, Inc.*, 493 F.2d 1027, 1035 (2d Cir. 1974) (whiskey receipts). Krohn simply disagrees with how this Court applied *Howey* and with Tenth Circuit precedent like *McGill*. The heavy burden of 1292(b) is not satisfied where movants "do not appear to take issue with the legal standards this court applied in its Order, but rather disagree with the court's application of that law to the record presented by the parties." *Roberts v. C.R. England, Inc.*, No. 2:12-CV-00302 (RJS), 2018 WL 2386056, at *3 (D. Utah Apr. 24, 2018). Krohn's Motion should be denied because he fails to identify a substantial ground for difference of opinion on a relevant legal issue necessary for an interlocutory appeal.

# ARGUMENT

I. **THERE ARE NO SUBSTANTIAL GROUNDS FOR A DIFFERENCE OF OPINION AS TO THE ISSUES ADDRESSED IN THE ORDER.**

A. **Applicable Law**

"Under § 1292(b), a district court may certify for appeal an otherwise unappealable interlocutory order if the court determines that 'such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Homeland Stores, Inc. v. Resol. Tr. Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994) (quoting 28 U.S.C. § 1292(b)). "Interlocutory appeals under § 1292(b) are appropriate only in extraordinary cases." *Mod. Font Applications LLC v. PetSmart, Inc.*, No. 2:19-CV-00613 (BSJ), 2020 WL 9255402, at *2 (D. Utah June 25, 2020). The Tenth Circuit has emphasized that district court scrutiny of 1292(b) motions is "imperative" because it serves "as a procedural screen to avoid a flood of fruitless petitions." *State of Utah By & Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (noting the Tenth Circuit Committee admonition that "the right to appeal should be limited to extraordinary cases"); *see also Homeland*, 17 F.3d. at 1271 ("The district court certification requirement of § 1292(b) is to be taken seriously" because it is "a necessary screening mechanism for interlocutory appeals.").

"The burden to demonstrate extraordinary circumstances rests on the party seeking certification." *Phillips v. United States Army Corps of Engineers*, No. 2:21-CV-355 (TS), 2023 WL 2894496, at *3 (D. Utah Apr. 11, 2023). And the caselaw makes clear that this burden is a heavy one. "[I]nterlocutory appeals should rarely be certified." *Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071 (D. Utah 2022) (citations omitted).

3

The motion should be denied because Krohn has failed to raise a question of law on which there is substantial ground for difference of opinion.[2]

### B.     Discussion

Krohn seeks interlocutory appeal only on his argument that *Howey*'s "common enterprise" element requires that investors be promised stock-like rights to the profits of the *promoter*'s (here Green United LLC) underlying business. Mot. at 1 ("whether the common enterprise element of an investment contract requires that an investor have some right, interest, or stake in the profits of the promoter's underlying business venture (*i.e.*, more than mere expectation of tangential profits)."). As Krohn articulated in his original motion, he contends that Green United's sale of Green Boxes and associated service contracts does not constitute a "common enterprise" because "[n]o matter how much money *Green United* makes - even if it becomes a Fortune 500 company- its success has no financial impact on Green Box miners. Thus, the miners' interests in the Green Boxes are not stock-like. They are merely holding ownership to a high-powered computer that can mine cryptocurrencies." Krohn Motion to Dismiss, Dkt. No. 90 at 11 (emphasis added).

Far from raising a "substantial ground for difference of opinion," Krohn's argument is just a disagreement with well-established Supreme Court and Tenth Circuit precedent. But, as the SEC pointed out in prior briefing, the facts of *Howey* itself foreclose Krohn's argument. That case involved two corporations, one a landowner and the other a servicing company. Each

---

[2] Given that there is no substantial ground for a difference of opinion, the Court can deny certification on that basis alone and need not decide whether the issue involves a controlling issue of law or would resolve the litigation. *See Freedom Transportation, Inc. v. Navistar Int'l Corp.*, No. 18-cv-2602 (JAR), 2020 WL 108670, at *2-3 (D. Kan. Jan. 9, 2020) (Section 1292(b)'s "criteria are conjunctive, not disjunctive," thus the proponent of an interlocutory appeal "bears the burden of establishing that all three of the substantive criteria are met.") (citation and internal quotation marks omitted).

company had shareholders. *See Howey*, 328 U.S. at 294-95. But the investors in *Howey* had no right to the dividends of either corporation or to inspect their books, no voting rights, and no right to appoint directors. *C.f. Landreth Timber Co. v. Landreth*, 471 U.S. 681, 686 (1985) (listing characteristics of "stocks"). Nor does the Motion address that the Supreme Court's more recent language (post *McGill*), in *SEC v. Edwards*, where it was stated: "[W]hen we held that 'profits' must 'come solely from the efforts of others,' we were speaking of the profits that investors seek on their investment, not the profits of the scheme in which they invest. We used 'profits' in the sense of income or return, to include, for example, dividends, other periodic payments, or the increased value of the investment." 540 U.S. at 394; *see also Gary Plastic Packaging Corp. v. Merrill Lynch Fenner & Smith* (2d Cir. 1985) (Merrill Lynch offered investment contract in form of a CD investment program where profits came from resales of the CD in the secondary market, not from the profits of Merrill Lynch the company).

And while Krohn claims that several cases he cites involved "a clear common enterprise in which investors did in fact have a direct right or stake in the profits of the underlying business venture in question," Mot. at 6, Krohn's citing various cases where an investment's "profits" came from a company's profits or operating *revenues* hardly establishes an inflexible rule, especially when the Supreme Court has clearly held that profits refers to what "investors seek on their investment, not the profits of the scheme in which they invest." *Edwards*, 540 U.S. at 394. Moreover, Krohn's citations misapprehend the fundamental point about investment contracts and Tenth Circuit law that the Court recognized in its Order, which is that the focus is not on rigidities but the "economic reality of a given transaction." Order at 4-5 (citations omitted). The Court correctly rejected Defendants' argument that *McGill*'s reference to "stock-like" rights erased the distinction between the separate terms "stock" and "investment contract" in the

5

Securities Act: "Nothing in *McGill* or any subsequent Tenth Circuit case suggests this language imposed a rigid new prerequisite to find a transaction constitutes an investment contract. . . . *McGill* was a case in which the Tenth Circuit reversed because the district court had been *too rigid* in its application of the horizontal commonality test." Order 6-7 (emphasis added). And, to conclude that an "investment contract" is not a security unless it is a "stock" would improperly collapse the definition of "investment contract" into the term "stock" (15 U.S.C. § 77b(a)(1), 15 U.S.C. § 78c(a)(10)), "make the [securities] Acts' enumeration of many types of instruments superfluous," and "would be inconsistent with Congress' intent to regulate the entire body of instruments sold as investments." *Reves v. Ernst & Young*, 494 U.S. 56, 64 (1990).

Moreover, the Court also correctly noted that, even if the *Howey* test required the direct flow of funds from the profits of the underlying scheme (which it does not) that test *would* be satisfied by the allegations in the Amended Complaint:

> The common enterprise here is the collectively managed Green Boxes operated by Green United pursuant to the hosting agreements. This arrangement, the pooling of assets and the alleged pro rata distribution of tokens by Mr. Thurston . . . meets even the strict view of horizontal commonality given all investors share, proportionally, in the profits of the enterprise consisting of the jointly managed Green Boxes.

Order at 6.

In other words, regardless how the Court interprets Krohn's amorphous "question presented," there is no ground for substantial difference of opinion because Krohn has cited no authority adopting his tortured view of *Howey*'s common enterprise element. *See Zurich Am. Ins. Co. v. Ascent Constr., Inc.*, 2022 WL 4016872, at *4 (D. Utah Sept. 2, 2022) (denying 1292(b) motion on an issue where "the Supreme Court and the Tenth Circuit have reached similar rulings" and movant "fail[ed] to cite any binding cases to the contrary").

6

Nor can Krohn salvage his Motion by invoking "the nascent stage of the cryptocurrency and blockchain technology at issue in the case." Mot. at 2. Krohn has insisted throughout (including in the current briefing) that this case involves a mere sale of computer hardware (Krohn Br. at 2, 4, 7). The SEC has been equally consistent in noting that the Green Box scheme was uncannily similar to the one in *Howey* over 80 years ago, in that Defendants sold an asset (there land, here a piece of computer hardware) but *also* encouraged investors to trust the asset, the management and handling of that asset, and, ultimately, the potential returns from the care and management of the asset, to the promoter. SEC Opp. to Motion to Dismiss ("SEC Opp."), Dkt. No. 96, at 10. The Court thus concluded that, whatever the merits of the parties' arguments, this case does not require it to "reach any broader question about cryptocurrency regulation," and that "this action does not present any novel attempt at regulation by the SEC," because the SEC is "pursu[ing] the regulatory goals Congress set for it ninety years ago." Order at 2, 13. Moreover, as the SEC pointed out in its prior briefing, even in the crypto asset context courts have uniformly rejected the argument that an investment contract requires traditional contractual rights to distributions from the promoter's operating profits. SEC Opp. at 19; *see SEC v. Ripple Labs, Inc.*, 682 F. Supp. 3d 308, 322 (S.D.N.Y. 2023); *SEC v. Coinbase, Inc.*, No. 23 CIV. 4738 (KPF), 2024 WL 1304037, at *19 (S.D.N.Y. Mar. 27, 2024) (collecting cases).

At bottom, Krohn cites no authority to suggest his argument is colorable, let alone that it raises "substantial ground for difference of opinion." Colorable arguments "must be more than mere possible interpretations of the law," and since Krohn has not "cited any judicial opinions that directly contradict the court's rulings," this Court should have "little issue with remaining convinced that its analysis is correct and denying certification." *IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*, No. 22-CV-02432 (EFM), 2024 WL 1140947, at *2 (D. Kan. Mar. 15,

7

2024) (internal quotations omitted). Ultimately, Krohn is not raising novel issues of law, but rather expressing disagreement with how the Court applied long-settled law. That application alone is not a basis to certify an interlocutory appeal.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

Dated: November 7, 2024

                                     */s/ J. Emmett Murphy*
                                     James P. McDonald
                                     J. Emmett Murphy
                                     *Attorneys for Plaintiff*
                                     *Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

On this November 7, 2024, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

/s/ <i>J. Emmett Murphy</i>