James P. McDonald (New York Bar No. 4823910)
McDonaldJa@sec.gov
J. Emmett Murphy (New York Bar No. 4459947)
MurphyJoh@sec.gov
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294
Tel: (303) 844-1059

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREEN UNITED, LLC, a Utah limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual;<br><br>Defendants,<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability; and BLOCK BROTHERS, LLC, a Utah limited liability company;<br><br>Relief Defendants. | Case No.: 2:23-CV-00159-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Cecilia M. Romero<br><br>**ATTORNEY PLANNING MEETING REPORT** |

Under Fed. R. Civ. P 26(f), the Local Rules of Practice, and the Order to Propose Schedule (Dkt. No. 2), the parties have conferred and developed a proposed discovery plan set forth below.

**1. PRELIMINARY MATTERS**

| | | |
|---|---|---|
| a. | | Claims and Defenses: *(describe the nature and basis of claims and any affirmative defenses)* <br><br> This is a civil-enforcement, securities-fraud lawsuit against three Defendants Green United LLC ("Green United"), Wright W. Thurston ("Thurston"), and Kristoffer Krohn ("Krohn") and two Relief Defendants True North United Investments, LLC ("True North") and Block Brothers, LLC. The case concerns the allegedly unregistered and fraudulent offering and sale of securities that purportedly generated a crypto asset called "GREEN." The specific claims in the First Amended Complaint (Dkt. No. 80) are as follows: <br><br> **Claim One:** Green United, Thurston, and Krohn engaged in unregistered offers and sales of securities in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e(a) & (c); <br><br> **Claim Two:** Green United and Thurston employed devices, schemes, or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1); <br><br> **Claim Three:** Green United and Krohn made material misstatements and omissions, in violation of Section 17(a)(2) of the Securities Act, 15 U.S.C. §77q(a)(2); <br><br> **Claim Four:** Green United, Thurston, and Krohn engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit, in violation of Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3); <br><br> **Claim Five:** Green United and Thurston employed devices, schemes, and artifices to defraud or engaged in acts, practices, and course of business which operated as a fraud and deceit, in violation of Section 10(b) of the Exchange Act and either or both of Rule 10b-5(a) or 10b-5(c) thereunder, 17 C.F.R. § 240.10b-5(a), (c); <br><br> **Claim Six:** Green United made untrue material statements and omissions, in violation of Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b); <br><br> **Claim Seven:** Krohn offered securities to the public without being registered as or associated with a registered broker, in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1); and |

|   |   |   |   |
|---|---|---|---|
|   |   | **Claim Eight:** Relief Defendants Block Brothers and True North United Investments should disgorge money, property, and assets as a result of the violations of the securities laws by Green United, Thurston, and Krohn, to which they have no legitimate claim under 15 U.S.C. § 78u(d)(5), (7) and equitable principles.<br><br>Defenses (Krohn): Krohn denies making any negligent false statements or omissions of material fact. Krohn denies offering or selling any securities in the form of investment contracts. Krohn merely sold computer hardware called Green Boxes that purchasers could use to mine cryptocurrencies. Krohn relied on the accuracy of information that was provided to him by Green United and/or Thurston and Krohn did not have reason to believe that such information was inaccurate if in fact it was.<br><br>Defenses (Green United & Thurston): Defendants Green United & Thurston deny the applicability of the federal Securities laws to this matter, maintaining that the products and services marketed did not constitute securities and that the Commission's initiation of this action exceeds its statutory authority. Defendants Green United and Thurston also deny having made any false statements or omissions of material fact in connection with the marketing of the products and services offered.<br><br>Defenses (Relief Defendants): Relief Defendants True North Investments, LLC and Block Brothers, LLC, deny having received benefits of any unlawful conduct or any other basis for the Commission to seek relief from them. |   |
| b. |   | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | 10/31/2024 |
| c. |   | Participants: *(include the name of the party and attorney, if applicable)*<br><br>For Plaintiff Securities & Exchange Commission: James P. McDonald and J. Emmett Murphy<br><br>For Defendants Green United and Wright W. Thurston and Relief Defendants True North Investments, LLC and Block Brothers, LLC: Jared C. Fields<br><br>For Defendant Kristoffer Krohn: Thomas J. Krysa |   |
| d. |   | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | 11/12/2024 |
| e. |   | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email | Yes ☒   No ☐ |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | transmission. Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. |   |   |

**2. PROTECTIVE ORDER**

|   |   |   |   |   |
|---|---|---|---|---|
| a. |   | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. |   | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)* The parties anticipate producing certain records that contain sensitive or non-public personal or business information, including bank account numbers and balance information, personal identification information such as social security numbers, information about various of Defendants' businesses and their operations, and information that the producing party requested be treated confidentially.  The parties expect that certain of this information would qualify for either designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the District's Standard Protective Order (DUCivR 26-2).  To allow for the expeditious exchange of discovery material containing such information, a protective order would allow the parties to conduct such exchanges with the understanding and assurance about the limited and proper use of such information.  Accordingly, good cause exists for the issuance of the Standard Protective Order. |   |   |
| c. |   | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court. The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)* |   |   |

|   |   |   |
|---|---|---|
|   |   | N/A |
| d. |   | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)*<br><br>N/A |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. | | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. | | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>The subject areas in which discovery will be needed are the allegations in the SEC's Amended Complaint (Dkt. No. 80), Defendant Thurston and Relief Defendant's Answer (Dkt. No. 106), and Defendant Krohn's Answer (Dkt. No. 108) and on the SEC's claims for relief. | | |
| c. | | Discovery Phases:<br>• Will discovery be conducted in phases? If so, please explain.<br><br>Yes, fact discovery will conclude first, to be followed by the conclusion of expert discovery on the dates set forth below.<br><br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>No. | | |
| d. | | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information) | | |

|   |   | The parties agree to utilize the SEC's Electronic Data Delivery Standards, a copy of which will be provided to counsel for all parties, when producing electronic data in this action or a reasonable alternative agreed to by the parties. |   |
|---|---|---|---|

**4. FACT DISCOVERY**

|   |   |   |   |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
|   | 1. | Maximum number of depositions by Plaintiff: | 10 |
|   | 2. | Maximum number of depositions by Defendants: | 10 |
|   | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | 7 |
|   | 4. | Maximum interrogatories by any party to any party: | 25 |
|   | 5. | Maximum requests for admissions by any party to any party: | 75 |
|   | 6. | Maximum requests for production by any party to any party: | 25 |
|   |   |   |   |
| b. | Other Fact Discovery Deadlines— | | |
|   | 1. | Deadline to serve written discovery: | 07/01/2025 |
|   | 2. | Deadline for fact discovery to close: | 08/01/2025 |
|   | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | None specified |

**5. AMENDING OF PLEADINGS AND JOINING OF PARTIES[1]**

|   |   |   |   |
|---|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | | |
|   | 1. | Plaintiffs: | 11/21/2024 |
|   | 2. | Defendants: | 11/21/2024 |
|   |   |   |   |
| b. | Deadline to file a motion to join additional parties— | | |
|   | 1. | Plaintiffs: | 11/21/2024 |
|   | 2. | Defendants: | 11/21/2024 |

**6. EXPERT DISCOVERY**

|   |   |   |   |
|---|---|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|   | 1. | Parties bearing the burden of proof: | 08/29/2025 |
|   | 2. | Parties not bearing the burden of proof: | 08/29/2025 |
|   |   |   |   |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

|   | 1. | Parties bearing the burden of proof: | 08/29/2025 |
|---|---|---|---|
|   | 2. | Parties not bearing the burden of proof: | 08/29/2025 |
|   | 3. | Rebuttal reports, if any: | 09/26/2025 |
|   |   |   |   |
| c. | Deadline for expert discovery to close: | | 10/10/2025 |

**7. OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

| a. |   | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | 11/07/2025 | |
|---|---|---|---|---|
| b. |   | Trial: | Bench ☐ | Jury ☒ |
| c. |   | Trial days: | | 10 days |


/s/ James P. McDonald                      Date: November 11, 2024
James P. McDonald
J. Emmett Murphy
*Counsel for SEC*

/s/ Jared C. Fields                        Date: November 11, 2024
Jared C. Fields
*Counsel for Green United, Thurston, True North & Block Brothers*

/s/ Thomas J. Krysa                        Date: November 11, 2024
Thomas J. Krysa
Stephanie Adamo
*Counsel for Krohn*