THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>v.<br><br>GREEN UNITED, LLC, a Utah limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual;<br><br>           Defendants,<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability; and BLOCK BROTHERS, LLC, a Utah limited liability company;<br><br>           Relief Defendants. | **SCHEDULING ORDER**<br><br>Case No.: 2:23-cv-00159-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, if applicable, an Attorney Planning Meeting has been held and the Attorney Planning Meeting Report has been completed. Having considered the parties' Stipulated Motion for Scheduling Order (Motion) (ECF 111), and for good cause appearing, the court hereby GRANTS the Motion and sets the following schedule. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-6.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

1. **PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | 10/31/2024 |
| b. | | Participants: *(include the name of the party and attorney, if applicable)* | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | 11/12/2024 |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission. Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒   No ☐ |

2. **PROTECTIVE ORDER**

| | | | |
|---|---|---|---|
| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒   No ☐ |
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)* The parties anticipate producing certain records that contain sensitive or non-public personal or business information, including bank account numbers and balance information, personal identification information such as social security numbers, information about various of Defendants' businesses and their operations, and information that the producing party requested be treated confidentially. The parties expect that certain of this information would qualify for either designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the District's Standard Protective Order (DUCivR 26-2). To allow for the expeditious exchange of discovery material containing such information, a protective order would allow the parties to conduct such exchanges with the understanding and assurance about the limited and proper use of such information. Accordingly, good cause exists for the issuance of the Standard Protective Order. | |

| | | |
|---|---|---|
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this |
| | | process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)*<br><br>N/A |
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)*<br><br>N/A |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. | | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. | | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>The subject areas in which discovery will be needed are the allegations in the SEC's Amended Complaint (Dkt. No. 80), Defendant Thurston and Relief Defendant's Answer (Dkt. No. 106), and Defendant Krohn's Answer (Dkt. No. 108) and on the SEC's claims for relief. | | |

| c. | | Discovery Phases: |
|---|---|---|
| | | • Will discovery be conducted in phases? If so, please explain. |
| | | Yes, fact discovery will conclude first, to be followed by the conclusion of expert discovery on the dates set forth below. |
| | | • Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates. |
| | | No. |
| d. | | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information) |
| | | The parties agree to utilize the SEC's Electronic Data Delivery Standards, a copy of which will be provided to counsel for all parties, when producing electronic data in this action or a reasonable alternative agreed to by the parties. |

4. **FACT DISCOVERY**

| a. | | Fact Discovery Limitations— | |
|---|---|---|---|
| | 1. | Maximum number of depositions by Plaintiff: | 10 |
| | 2. | Maximum number of depositions by Defendants: | 10 |
| | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | 7 |
| | 4. | Maximum interrogatories by any party to any party: | 25 |
| | 5. | Maximum requests for admissions by any party to any party: | 75 |
| | 6. | Maximum requests for production by any party to any party: | 25 |
| | | | |
| b. | | Other Fact Discovery Deadlines— | |
| | 1. | Deadline to serve written discovery: | 07/01/2025 |
| | 2. | Deadline for fact discovery to close: | 08/01/2025 |
| | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | None specified |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**

| a. | | Deadline to file a motion to amend pleadings— | |
|---|---|---|---|
| | 1. | Plaintiffs: | 11/21/2024 |
| | 2. | Defendants: | 11/21/2024 |
| | | | |
| b. | | Deadline to file a motion to join additional parties— | |
| | 1. | Plaintiffs: | 11/21/2024 |
| | 2. | Defendants: | 11/21/2024 |

6. **EXPERT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Filing of Notice of Designation required by <u>DUCivR 26-1(a)(2)</u>— | | |
| | 1. | Parties bearing the burden of proof: | 08/29/2025 |
| | 2. | Parties not bearing the burden of proof: | 08/29/2025 |
| b. | Service of <u>Fed. R. Civ. P. 26(a)(2)</u> Disclosures and Reports— | | |
| | 1. | Parties bearing the burden of proof: | 08/29/2025 |
| | 2. | Parties not bearing the burden of proof: | 08/29/2025 |
| | 3. | Rebuttal reports, if any: | 09/26/2025 |
| c. | Deadline for expert discovery to close: | | 10/10/2025 |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

| | | |
|---|---|---|
| a. | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | 11/07/2025 |
| b. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motion are filed:<br><br>If dispositive motions are filed and the district judge's ruling on those motions does not resolve the case, the parties shall file a request for a scheduling conference with the district judge for the purpose of setting a trial date no later than one week after the ruling on the dispositive motions. | 11/14/2025 |

DATED this 12 November 2024.

*[signature: Cecilia M. Romero]*

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

5