IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>GREEN UNITED, et al.,<br><br>    Defendants, and<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, et al.,<br><br>    Relief Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL**<br><br>Civil No. 2:23-cv-00159-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

On October 24, 2024, Defendant Kristoffer A. Krohn filed a Motion to Certify Order on Motion to Dismiss for Interlocutory Appeal ("Motion")[1] asking the Court to certify its September 23 Order denying Mr. Krohn's Motion to Dismiss for interlocutory appeal. On November 7, 2024, Plaintiff Securities and Exchange Commission ("SEC") filed its Opposition.[2] On November 21, 2024, Mr. Krohn filed his Reply.[3] For the reasons set forth below, the Court denies the Motion.

## DISCUSSION

The Court declines to certify this case for an interlocutory appeal because Mr. Krohn fails to show any substantial ground for difference of opinion in the controlling law governing the

---

[1] ECF No. 109.
[2] ECF No. 110.
[3] ECF No. 113.

September 23 Order. A district court may certify a civil order for interlocutory appeal if the judge is "of the opinion that" three elements are met: (1) the "order involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Interlocutory appeals under § 1292(b) are appropriate only in extraordinary cases." *See Mod. Font Applications LLC v. PetSmart, Inc.*, No. 2:19-cv-613, 2020 WL 9255402 (citing *Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994)). "[T]he basic inquiry must be whether immediate appeal may substantially reduce the danger of unnecessary, or unnecessarily burdensome, proceedings." Charles A. Wright, et al., Fed. Prac. & Proc. Juris. § 3931 (3d ed.). "There is no right to appeal from orders of any sort that are generally within the statute, and it is to be expected that permission will be denied frequently." *Id.*

Here, Mr. Krohn makes two arguments in an attempt to show ambiguity in the controlling law.[4] First, he suggests "[t]he question underlying whether Krohn's sale of Green Boxes forms the basis of an investment contract is one about which there is substantial ground for difference of opinion."[5] Second, he suggests reasonable minds could conclude the common-enterprise element of *Howey* requires "some right, interest, or stake in the profits of the promoter's underlying business venture . . . ."[6]

---

[4] The parties focus on whether there is a substantial ground for difference of opinion as to the controlling law. Given the Court's resolution of that question, it need not reach §1292(b)'s other criteria. "The [§ 1292(b)] criteria are conjunctive, not disjunctive." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)).
[5] ECF No. 109 at 5.
[6] *Id.*

Mr. Krohn's first argument misstates the Court's Order.[7] The Court did not decide whether the sale of Green Boxes, without more, constitutes the sale of a security. Rather the Court concluded that the SEC plausibly alleged Defendants in this case offered an investment contract in the form of Green Boxes "<u>coupled with a hosting agreement to operate the Green Boxes</u>."[8] This arrangement closely resembles the arrangement in *Howey* and other Tenth Circuit cases cited in the Court's September 23 Order that interpret the meaning of investment contract.

As to Mr. Krohn's second argument, he accuses the SEC of confusing the "second element of common enterprise with the third element of a reasonable expectation of profits to be derived from the efforts of others."[9] The SEC's confusion, if it exists, is understandable given Mr. Krohn's argument. Mr. Krohn proposes a definition of "common enterprise" that requires "some right, interest, or stake in the profits of the promoter's underlying business venture . . . ."[10] This language is very close to the expectation-of-profits prong stated by the Supreme Court as follows: "a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." *See United Hous. Found., Inc. v. Forman*, 421 U.S. 837, 852 (1975). Thus, while Mr. Krohn purports to define "common enterprise" he does so by using modified language applicable to a different prong (i.e., the reasonable expectation of profits). He takes *Forman's* definition quoted above and substitutes "right, interest, or stake in" for "reasonable expectation

---

[7] Mr. Krohn also suggests that the Court "surmised" that investors proportionally share in the profits of the jointly managed Green Box enterprise. *E.g.*, ECF No. 109 at 3. The Court did not surmise this, but rather, the SEC expressly alleged proportionality of token distribution. *See* First Amd. Compl. at 18 (alleging Thurston engaged in "the manual distribution of tokens in amounts proportional to the number of Green Boxes or Green Nodes each investor purchased").
[8] ECF No. 104 at 5 (emphasis added).
[9] ECF No. 113 at 4.
[10] *Id.*

3

of . . . ." Likewise, Mr. Krohn's suggestion would require the profits flow from the "business venture" rather than "entrepreneurial or managerial efforts of others." To reiterate, although Mr. Krohn's language closely tracks the expectation-of-profits prong, he purports to define common enterprise. In doing so, he offers no legal support to show any court has adopted the definition he proposes to define the common-enterprise prong rather than the expectation-of-profits prong.

Based on the foregoing, the Court declines to certify this case for interlocutory appeal because Mr. Krohn has not shown any substantial ground for difference of opinion as to the controlling law governing any matter the Court addressed in its September 23 Order.

## ORDER

Having considered the parties' briefs and the relevant law, the Court DENIES Mr. Krohn's Motion to Certify Order on Motion to Dismiss for Interlocutory Appeal (ECF No. 109).

DATED this 26th day of November 2024.

By the Court:

Ann Marie McIff Allen
United States District Judge