James P. McDonald (New York Bar No. 4823910)
McDonaldJa@sec.gov
J. Emmett Murphy (New York Bar No. 4459947)
MurphyJoh@sec.gov
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294
Tel: (303) 844-1059

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>GREEN UNITED, LLC, a Utah limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual,<br><br>    Defendants,<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability company; and BLOCK BROTHERS, LLC, a Utah limited liability company;<br><br>    Relief Defendants. | **SHORT FORM DISCOVERY MOTION UNDER DUCivR 37-1(b)**<br><br>Case No. 2:23-cv-00159-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 37-1(b), Plaintiff SEC moves for relief regarding certain discovery disputes with Defendant Green United, LLC ("Green United").[1]

---

[1] The SEC is continuing to work with Green United and other Defendants in an effort to avoid filing similar motions on disputes relating to other discovery responses.

1

For many months, the SEC has worked in good faith with defense counsel in an attempt to resolve, without Court involvement, Green United's delayed and deficient discovery responses. The requests and responses are attached, and relate to essential relevant facts, including: the specific technology underlying Defendants' sales pitches to investors; the identity of those investors; and where investor money went. The justifications by defense counsel, varying from lack of personnel to vendor issues, can no longer account for Green United's failure to abide by its obligations, and thus the SEC seeks Court intervention.

**Software Code and Related Database Information:** On April 4, 2025, Green United began producing computer code in response to the SEC's January 2025 document requests (*e.g.*, Ex. A, RFPs 1 and 2). The SEC immediately informed Defendants that there were apparent deficiencies (*e.g.*, missing code) in what was being produced. Defense counsel has long promised to confirm whether the source code produced to date includes certain specific code and data requested by the SEC, and if not when it would be produced. Although Green United has continued to produce some additional code, some of the requested code and database information appears to be outstanding (*e.g.*, Green crypto-wallet software). Defense counsel has ignored or deflected the SEC's requests for clarification on what Defendant purports to have produced and what productions may be forthcoming.

**Other Discovery Responses**: Green United has also provided inadequate and late responses to a number of other discovery requests. For example, after inappropriately refusing to respond to the SEC's Interrogatories 3 and 4, Green United later agreed to provide the requested information, but it still has not. Similarly, Green United has failed to adequately respond to a number of document requests (7, 9-19) and interrogatories (9-17) (*see* Ex. B), claiming in its September responses that it would instead provide a production being processed "in due course."

That production has still not been made, notwithstanding repeated promises (including a December 5 statement that it would be produced within 7 to 10 days).  Regardless, any such production will not excuse the obligation to amend interrogatory responses that only refer to future productions.

The SEC certifies that it has sent many communications seeking to narrow disputes, and specifically made prompt written communications by emails identifying these issues on September 19 and 24 (before the government shutdown). The parties (undersigned counsel for the SEC and Brennan Moss and Cliff Parkinson for Defendants) conferred by videoconference on December 5th.

The SEC is also available for a conference at the Court's convenience to provide more detail and context than is possible within the word limits established by the local rule.

Dated: December 17, 2025

*/s/ J. Emmett Murphy*
James McDonald
J. Emmett Murphy
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

**<u>CERTIFICATE OF SERVICE</u>**

On December 17, 2025, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

<u>/s/ J. Emmett Murphy</u>

James McDonald
J. Emmett Murphy
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

<u>Exhibit A</u>

Brennan H. Moss (10267)
PARKINSON BENSON POTTER
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
Email: brennan@pbp.law
Tel: (415) 534-7970

*Attorneys for Plaintiffs*

---

## IN THE UNITED STATES DISTRICT COURT

## THE DISTRCT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **SECURITES AND EXCHANGE COMMISSION**<br><br>Plaintiffs,<br><br>vs.<br><br>**GREEN UNITED, LLC, a Utah limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual;**<br><br>Defendants.<br><br>**TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liablty; and BLOCK BROTHERS, LLC a Utah limited liability company;**<br><br>Relief Defendants | **GREEN UNITED, LLC'S AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFFS FIRST DISCOVERY REQUESTS**<br><br>Case No.: 2:23-cv-00159<br><br>Judge Barlow<br>Magistrate Judge Dustin B. Pead |

Defendant Green United, LLC ("Green United" or "Green"), by and through counsel, and pursuant to Rules 26(e), 33, 34, and 36 of the Federal Rules of Civil Procedure, hereby submits the following amended and supplemental responses to Plaintiff Securities and Exchange Commission's First Set of Written Discovery.

## SPECIFIC OBJECTIONS APPLICABLE TO MULTIPLE REQUESTS

Defendant Green United, LLC ("Green") provides the following specific objections that apply to multiple requests where indicated in the individual responses and provides these specific objections with explanations of their applicability:

1. **Prior Production**: Green specifically objects to requests seeking documents that were previously provided to the SEC in response to pre-litigation subpoenas. It is neither proportional to the needs of the case nor reasonable to require Green to reproduce materials that are already in the SEC's possession. This would impose unnecessary and duplicative burdens on Green.

2. **Relevance and Proportionality**: For specific requests indicated below, Green objects on the grounds that the requested information is not relevant to the claims and defenses in this action and/or the requests are not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, as required by Federal Rule of Civil Procedure 26(b)(1).

3. **Expert Testimony**: For specific requests indicated below, Green objects on the grounds that the request improperly calls for expert testimony before expert designations and reports are due under the Court's scheduling order. Green will provide expert analysis as required by the scheduling order.

4. **Specificity**: For specific requests indicated below, Green objects on the grounds that the request fails to describe with reasonable particularity each item or category of items to be inspected or produced as required by Federal Rule of Civil Procedure 34(b)(1)(A).

5.      **Confidentiality**: For specific requests indicated below, Green objects on the grounds that the request seeks private, confidential information that, if disclosed, would violate the privacy rights of third parties or would cause harm to Green given the SEC's prior improper disclosure of materials provided under a protective order.

6.      **Privilege**: For specific requests indicated below, Green objects on the grounds that the request seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privileges. In accordance with Federal Rule of Civil Procedure 26(b)(5), Green will produce a privilege log identifying any protected documents withheld on this basis.

## PRELIMINARY STATEMENT

In preparation to respond to these requests, Green United requested all collected documents related to the Relevant Period from prior counsel. Due to the volume of documents, it took significant time to produce those documents to Green United. Green United has only had access to these documents since March 7, 2025, and has endeavored to review all documents to meet the agreed-upon extension deadline of March 17, 2025. Notwithstanding its efforts, Green United's review and investigation continues, and it reserves the right to supplement its responses if it locates additional documents responsive to these requests. This amended and supplemental response is part of Green United's continued review and investigation.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that True North Investments, LLC provided no goods or services to Green United during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** Deny.

**REQUEST FOR ADMISSION NO. 2:** Admit that Block Brothers, LLC provided no goods or services to Green United during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:** Deny.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all versions of software utilized by or loaded onto any equipment named, labeled, or represented to be, or sold as a Green Box, and the period of time such software was utilized or loaded, during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 1:** Green United objects to Interrogatory No. 1 on the following grounds:

1.  **Prior Production**: The SEC already possesses this information through pre-litigation subpoenas and interviews. It is disproportionate to the needs of the case to require Green United to restate information the SEC already possesses.

2.  **Specificity**: The interrogatory fails to describe with reasonable particularity what constitutes a "version" of software, making it impossible to provide a complete response.

Subject to and without waiving these objections, Green United states that it did not maintain a formal version for the software utilized by or loaded onto Green Boxes during the Relevant Period. Green United's programmers regularly updated and developed the software and tracked the specific versions with tags through a commit history. That commit history shows the following versions with dates:

4

| Version | Release Date |
|---------|--------------|
| 2.0.0 | (Initial version) |
| 2.0.1 | July 1, 2019 |
| 2.0.2 | July 1, 2019 |
| 2.0.3 | July 2, 2019 |
| 2.0.4 | July 2, 2019 |
| 2.0.5 | July 2, 2019 |
| 2.0.6 | July 2, 2019 |
| 2.0.7 | July 2, 2019 |
| 2.0.8 | July 3, 2019 |
| 2.0.9 | July 18, 2019 |
| 2.0.10 | July 23, 2019 |
| 2.0.11 | July 23, 2019 |
| 2.0.12 | July 23, 2019 |
| 2.0.13 | July 23, 2019 |
| 2.0.14 | August 15, 2019 |
| 2.0.15 | August 20, 2019 |
| 2.0.16 | August 21, 2019 |
| 2.0.17 | September 6, 2019 |

| Version | Release Date |
|---|---|
| 2.0.18 | September 7, 2019 |
| 2.0.19 | September 12, 2019 |
| 2.0.20 | September 19, 2019 |
| 2.0.21 | September 19, 2019 |
| 2.1.0 | September 19, 2019 |
| 2.1.1 | September 19, 2019 |
| 2.1.2 | September 24, 2019 |
| 2.1.3 | September 25, 2019 |
| 2.1.4 | September 25, 2019 |
| 2.1.5 | October 1, 2019 |
| 2.1.6 | December 12, 2019 |
| 2.1.7 | January 13, 2020 |
| 2.1.8 | April 28, 2020 |
| 2.1.9 | April 28, 2020 |
| 2.1.10 | September 18, 2020 |
| 2.1.11 | October 21, 2020 |
| 2.1.12 | October 27, 2020 |
| 2.1.13 | November 5, 2020 |

| Version | Release Date |
|---|---|
| 2.1.14 | November 17, 2020 |
| 2.1.15 | December 2, 2020 |
| 2.1.16 | December 2, 2020 |
| 2.1.17 | December 4, 2020 |
| 2.1.18 | December 7, 2020 |
| 2.1.19 | December 17, 2020 |
| 2.1.20 | December 18, 2020 |
| 2.1.21 | January 7, 2021 |
| 2.1.22 | January 18, 2021 |
| 2.1.23 | January 18, 2021 |
| 2.1.26 | February 8, 2021 |
| 2.1.27 | February 9, 2021 |
| 2.1.28 | February 14, 2021 |
| 2.1.29 | February 18, 2021 |
| 2.1.30 | February 19, 2021 |
| 2.1.31 | February 24, 2021 |
| 2.1.32 | March 9, 2021 |
| 2.2.1 | April 16, 2021 |

| Version | Release Date |
|---------|--------------|
| 2.2.2 | October 22, 2021 |
| 2.2.3 | December 8, 2021 |
| 2.2.4 | December 28, 2021 |
| 2.2.5 | April 30, 2022 |

While new versions were tracked by the programmers, the changes were not made public to users because Green United's software development was an iterative process with continuous improvements and updates rather than discrete.

**INTERROGATORY NO. 2:** Identify all versions of Green Node software (including any computer program or phone application), and the version's release date, made available to Green Node purchasers or users during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 2:** Green United objects to Interrogatory No. 2 on the following grounds:

1. **Prior Production**: The SEC already possesses this information through pre-litigation subpoenas and interviews. It is disproportionate to the needs of the case to require Green United to restate information the SEC already possesses.

2. **Specificity**: The interrogatory fails to describe with reasonable particularity what constitutes a "version" of software, making it impossible to provide a complete response.

Subject to and without waiving these objections, see the response to Interrogatory No. 1, above.

**INTERROGATORY NO. 3:** Describe and explain the relationship, if any, that (A) Nerd United and (B) Codex United had with respect to Green United's business during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 3:** Green United objects to Interrogatory No. 3 on the following grounds:

1.    **Prior Production**: The SEC already possesses this information through pre-litigation subpoenas and interviews. It is disproportionate to the needs of the case to require Green United to restate information the SEC already possesses and has reviewed.

Subject to and without waiving this objection, Green United states that information regarding its relationships with Nerd United and Codex United was previously provided to the SEC in response to pre-litigation subpoenas and during interviews with SEC personnel. The SEC is already aware of these relationships, and requiring Green United to restate this information would be unnecessarily duplicative and burdensome.

**INTERROGATORY NO. 4:** Identify all bank accounts or crypto-wallet addresses that purchasers of a Green Box or Green Node made payment to during the Relevant Period and the period of time such accounts or wallet addresses were used to receive payment.

**I'll update the response to Interrogatory No. 4 based on the letter you shared, which provides more context about the SEC's disclosure of confidential information. The letter clarifies that there wasn't a protective order in place at the time, but the SEC still improperly disclosed information that should have remained confidential.**

**Here's the revised response:**

**RESPONSE TO INTERROGATORY NO. 4:** Green United objects to Interrogatory No. 4 on the following grounds:

1. **Confidentiality:** The bank accounts and crypto-wallet addresses requested contain private, confidential information held by third parties. Green United has an obligation to protect this information. Due to the SEC's prior improper disclosure of confidential customer information through a mass email on January 6, 2023, which revealed recipients' digital identities to approximately 650 customers, Green United cannot produce such sensitive information in discovery without adequate safeguards.

2. **Prior Production:** The SEC already possesses information about Green United's payment channels through pre-litigation subpoenas and interviews sufficient to provide the information seeking in Interrogatory No. 4. It is disproportionate to the needs of the case to require Green United to provide information the SEC can sufficiently gather without the disclosure of confidential information.

3. **Privacy and Data Protection Concerns:** The SEC's January 6th email disclosure constituted a data breach that exposed customers to potential phishing, hacking, and account takeover risks. This unauthorized disclosure violated multiple legal provisions, including the Privacy Act of 1974, 18 U.S.C. § 1905 (trade secrets), and potentially 5 U.S.C. § 706 (Administrative Procedure Act). Despite the disclosure and the concern, the SEC took no actions to correct its mistake or rectify the situation.

Subject to and without waiving these objections, Green United agrees to provide this information for in camera review by the Court to the extent necessary to verify account information, while protecting the confidentiality of this sensitive financial data. Green United

remains concerned about the SEC's demonstrated failure to maintain the non-public nature of its investigations, as evidenced by the Division of Enforcement's improper email disclosure prior to any recommendation to the Commission or Commission decision finding wrongdoing.

**INTERROGATORY NO. 5:** Provide a detailed calculation of any financial gain (including any revenue, royalty, commission, etc. and including all types of payment including fiat currency and crypto-assets) to Green United on a monthly basis during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 5:** Green United objects to Interrogatory No. 5 on the following grounds:

1.    **Prior Production**: The SEC already possesses the underlying financial information through pre-litigation subpoenas and interviews. It is disproportionate to the needs of the case to require Green United to restate information the SEC already possesses.

2.    **Expert Testimony**: This interrogatory calls for expert testimony. In order to calculate financial gain with the specificity requested, an expert analysis is needed to evaluate payments made in digital assets, payments made in kind (if any), and payments made through U.S. currency, along with appropriate accounting methodologies to present this information on a monthly basis.

Subject to and without waiving these objections, Green United states that it is working with an expert to analyze its financial information and plans to provide this information through expert testimony and reports in accordance with the Court's scheduling order.

**INTERROGATORY NO. 6:** Provide a detailed calculation of all legitimate business expenses (including all types of payment including fiat currency and crypto-assets) incurred by Green United on a monthly basis during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 6:** Green United objects to Interrogatory No. 6 on the following grounds:

1. **Prior Production:** The SEC already possesses the underlying financial information through pre-litigation subpoenas and interviews. It is disproportionate to the needs of the case to require Green United to restate information the SEC already possesses.

2. **Expert Testimony**: This interrogatory calls for expert testimony. In order to calculate legitimate business expenses with the specificity requested, an expert analysis is needed to evaluate expenses paid in digital assets, expenses paid in kind (if any), and expenses paid through U.S. currency, along with appropriate accounting methodologies to present this information on a monthly basis.

Subject to and without waiving these objections, Green United states that it is working with an expert to analyze its business expenses and plans to provide this information through expert testimony and reports in accordance with the Court's scheduling order.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce one copy of the proprietary source code for each version of the software identified in response to Interrogatory No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Green United objects to Request No. 1 on the following grounds:

1. **Expert Testimony**: This request calls for expert testimony with respect to the appropriate format for producing source code and how it should be provided for review.

2.    **Specificity**: As noted in Green United's response to Interrogatory No. 1, Green United did not maintain distinct versions of its software with version numbers or release dates, making it difficult to identify which specific iterations of the source code should be produced.

Subject to and without waiving these objections, Green United agrees to produce the source code for the software utilized on Green Boxes during the Relevant Period along with the commit history so that the SEC may review each version of the source code.

**REQUEST FOR PRODUCTION NO. 2:** Produce one copy of the proprietary source code for each version of the software identified in response to Interrogatory No. 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Green United objects to Request No. 2 on the following grounds:

1.    **Expert Testimony**: This request calls for expert testimony with respect to the appropriate format for producing source code and how it should be provided for review.

2.    **Specificity Objection**: As noted in Green United's response to Interrogatory No. 2, Green United did not maintain distinct versions of its Green Node software with version numbers or release dates, making it difficult to identify which specific iterations of the source code should be produced.

Subject to and without waiving these objections, see the response to Request for Production No. 1, above.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents concerning or referring to Krohn, including but not limited to all communications with Krohn, during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Green United objects to Request No. 3 on the following grounds:

1.    **Prior Production**: Green United has already produced documents responsive to this request in response to pre-litigation subpoenas.

Subject to and without waiving this objection, Green United states that it has reviewed its documents and is producing responsive documents that concern or refer to Krohn. Green United's review is ongoing, and it reserves the right to supplement this response if it discovers additional responsive documents.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents related to Green United's intentions or efforts (including plans or proposals even if not acted upon or unsuccessful) to have the GREEN crypto-asset/token made available or listed or tradeable on any exchange.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Green United objects to Request No. 4 on the following grounds:

1.    **Prior Production**: Green United has already produced documents responsive to this request in response to pre-litigation subpoenas.

Subject to and without waiving this objection, Green United states that it has reviewed its documents and is currently unaware of any documents responsive to this request that have not already been produced to the SEC. Green United's review is ongoing, and it reserves the right to supplement this response if it discovers additional responsive documents.

**REQUEST FOR PRODUCTION NO. 5:** Produce documents sufficient to establish the monthly financial gain calculation provided in response to Interrogatory No. 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Green United objects to Request No. 5 on the following grounds:

1.     **Prior Production**: Green United has already produced financial documents in response to pre-litigation subpoenas, and there is no need to produce the same documents a second time.

2.     **Expert Testimony**: Identifying which specific documents are relevant to establishing the monthly financial gain calculation calls for expert testimony and analysis. Without further direction, the request is too vague for Green United to determine which documents are responsive.

3.     **Specificity**: The request fails to describe with reasonable particularity which financial documents are being sought.

Subject to and without waiving these objections, Green United will produce any responsive documents not previously provided to the SEC as part of its expert disclosures in accordance with the Court's scheduling order.

**REQUEST FOR PRODUCTION NO. 6:** Produce documents sufficient to establish the monthly calculation of all legitimate business expenses provided in response to Interrogatory No. 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Green United objects to Request No. 6 on the following grounds:

1.     **Prior Production**: Green United has already produced financial documents in response to pre-litigation subpoenas, and there is no need to produce the same documents a second time.

2.     **Expert Testimony**: Identifying which specific documents are relevant to establishing the monthly business expense calculation calls for expert testimony and analysis.

Without further direction, the request is too vague for Green United to determine which documents are responsive.

3.    **Specificity**: The request fails to describe with reasonable particularity which financial documents are being sought.

Subject to and without waiving these objections, Green United will produce any responsive documents not previously provided to the SEC as part of its expert disclosures in accordance with the Court's scheduling order.

DATED this 1st day of May 2025.

PARKINSON BENSON POTTER

_/s/ Brennan H. Moss_
Brennan H. Moss

Exhibit B

Brennan Moss (10267)
Clifford B. Parkinson (13327)
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
Office: 415-534-7970
brennan@pbp.law
cliff@pbp.law

*Attorneys for Defendants Green United, LLC,*
*And Wright W. Thurston, and Relief-Defendants*
*True North United Investments, LLC, and*
*Block Brothers, LLC.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION;** | |
| **Plaintiff,** | **RESPONSE TO PLAINTIFF'S SECOND SET OF WRITTEN DISCOVERY TO DEFENDANT GREEN UNITED, LLC** |
| **v.** | |
| **GREEN UNITED, LLC, a United limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual;** | **Case No. 2:23-CV-00159-AMA-CMR** |
| **Defendants,** | **Judge Ann Marie McIff Allen** **Magistrate Judge Cecilia M. Romero** |
| **v.** | |
| **TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability company; and BLOCK BROTHERS, LLC, a Utah limited liability company.** | |

Defendant Green United, LLC hereby responds, pursuant to Rules 33 and 34 of the Federal

Rules of Civil Procedure, to Plaintiff's First Interrogatory to Defendant Wright Thurston.

**GENERAL OBJECTIONS**

1. Defendant objects to the definitions and instructions provided by Plaintiff to the extent

they seek to impose requirements different from or in addition to those imposed by the Federal

Rules of Civil Procedure or any other such rules the parties are operating under.

2. Defendant objects to the requests to the extent they seek information that is not relevant to the subject matter of any claim or defense of any party in this case.

3. Defendant objects to the requests to the extent they seek information prepared in anticipation of litigation, information protected from discovery by the attorney-client privilege, by the work-product privilege, by Rule 26, or by any other applicable privilege or protection from disclosure.

4. Defendant objects to the requests to the extent they are premature and/or contravenes a deadline provided in the applicable rules.

5. Defendant objects to the requests to the extent they are overly broad, unduly burdensome, oppressive in the amount and format of the information requested, and/or unreasonably cumulative or duplicative in light of information that already has been made available to Plaintiff.

6. Defendant objects to the requests where they seek discovery of information obtainable from some other source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information that is in the possession of other parties and/or third parties not under Defendant's control. To the extent the information requested is in the possession of a different party or a third party, it is more convenient, less burdensome, and less expensive for Plaintiff to seek discovery directly from that party.

7. Defendant does not concede that its responses or materials that may be produced are or will be admissible evidence at trial. Further, Defendant does not waive any objections, whether or not asserted herein, or the use of any such responses or materials at trial.

8. These responses are made only for the purposes of this action, and each response is

subject to all objections as to relevancy, materiality, admissibility, foundation, hearsay, and all other objections that would require the exclusion of any statement made or document referenced or produced at the time of trial, hearing, or deposition. Further, all responses to the Interrogatory are made to the best knowledge and belief of Defendant.

## DEFINITIONS OF SPECIFIC OBJETIONS

As used in the specific responses below, the following terms include objections based upon their respective definitions:

A. "Vague and Ambiguous" is defined to mean: Defendant objects on the basis that, and insofar as, the request is vague, uncertain, and ambiguous.

B. "Overbroad" is defined to mean: Defendant objects on the basis that, and insofar as, the information sought by the requests is overbroad and calls for an expansive potential breadth of information that is unreasonable in scope and parameter.

C. "Irrelevant" is defined to mean: Defendant objects on the basis that, and insofar as, the requests seek information that is irrelevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

D. "Duplicative" is defined to mean: Defendant objects on the basis that, and insofar as the requests call for information that is unreasonably cumulative or duplicative of other discovery. See, e.g. Fed. R. Civ. P. 26(b)(2)(C).

E. "Unduly Burdensome" is defined to mean: Defendant objects on the basis that, and insofar as, the requests are so broad and uncertain that they creates an unreasonable and undue burden or expense given the needs of the case, the amount in controversy, limitations on Defendant's resources, and the importance of the issues at stake in the litigation. "Unduly Burdensome" is also defined to mean that Defendant objects to the Interrogatory because the

information sought is more readily obtainable through other, more convenient, less burdensome, and less expensive sources or discovery procedures and/or is already in the possession, custody, or control of Defendant. See, e.g. Fed. R. Civ. P. 26(b)(3).

      F. "Privileged" is defined to mean: Defendant objects on the basis that, and insofar as, the requests call for information or documents (i) protected by the attorney-client privilege; (ii) protected by the work-product doctrine; (iii) protected because it consists, in whole or in part, of trial preparation materials and/or documents containing mental impressions, conclusions, opinions, or legal theories of counsel; (iv) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (v) protected under any other valid privilege. See Fed. R. Civ. P. 26(b)(3).

      G. "Compound" is defined to mean: Defendant objects on the basis that, and insofar as, the requests contain multiple discrete subparts that, when counted, combine to exceed the limits on Interrogatories set by Rule 33(1) of the Federal Rules of Civil Procedure. Defendant objects on the basis that the compound nature of the request causes the request to be Unduly Burdensome and/or Vague and Ambiguous.

      H. "Not Proportional" is defined to mean: Defendant objects on the basis that, and insofar as, the requests do not satisfy the proportionality requirements under Fed. R. Civ. P. 26(b)(1).

      I. The phrase "Calls for a Legal Conclusion" is defined to mean: Defendant objects on the basis that the requests call for a legal conclusion that can only be made by the Court and/or the requests call for a conclusion of law rather than for facts or the application of law to facts.

      J. The phrase "without waiving the foregoing objections," or words having similar effect, is defined to mean: Notwithstanding the fact that Defendant answers or provides information in response to a request, there is no waiver of any objection that has been asserted and the

information sought by the request that is otherwise covered by either a specific or general objection will not be produced.

## RESPONSES TO REQUESTS FPR PRODUCTION OR INSPECTION

**RFP 7**: Produce documents sufficient to identify all business expenses that Green United incurred in connection with any business it conducted (*e.g.* development, marketing, sales, or operations) related to Green Boxes, Green Nodes, and/or GREEN.

    **Objections:** Defendant objects on the following grounds.

- **Not Proportional, Unduly Burdensome, and Irrelevant:** The request for documents "sufficient to identify all business expenses incurred in connection with Green United's business is not proportional to the needs of the case and is unduly burdensome of the defendant. The request goes far beyond the scope of any of the claims or facts required to prove elements thereof.

- **Vague and Ambiguous:** The use of the phrase "business expense" is vague and ambiguous.

    **Response:** Without waiving the foregoing objections, Defendant will produce documents identifying business expenses as the phrase is understood by the defendant that were incurred in connection with its business. The production is being processed by Defendant's third party provider and a link to such production will be provided in due course.

**RFP 8**: Produce or allow the inspection of a Green Box. To the extent different versions of the Green Box exists, produce or allow for inspection an example of each version.

**Response**: Defendant will make a Green Box available for inspection at the office of Parkinson Benson Potter at a mutually agreeable date and time.

**RFP 9**: Produce all documents related to the creation, processing, approval, and fulfillment of

purchase orders of Green Boxes by Green United or by any entity that acquired Green Boxes for later sale to Green United's customers/users (*i.e.*, this Request does <u>not</u> seek purchase orders or documents for sales directly to Green United's Customers/users, but rather the procurement of equipment intended to be sold to Green United's customers/users).

**Objections:** Defendant objects to this request on the following grounds:

- **Irrelevant:** The request for "all documents related to the creation, processing, approval, and fulfillment of purchase orders of Green Boxes by Green United or by any entity that acquired Green Boxes for later sale to Green United's customers/users" irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrases "creation, processing, approval, and fulfillment" along with the phrase "procurement" are vague and ambiguous.

**Response:** Without waiving the foregoing objections, Defendant will produce documents identifying the "creation, processing, approval, and fulfillment," as far as Defendant understands such phrases, of components or equipment sold to its customers in the form of Green Boxes. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

**<u>RFP 10</u>:** Produce documents sufficient to show for all Green Boxes that were sold the following: the purchaser information for each Green Box sold and the respective serial numbers and any other unique or assigned identification numbers for identification numbers for the sold Green Box.

**Objections:** Defendants object to this request on the following grounds:

- **Irrelevant:** The request for "documents sufficient to show for all [sold] Green Boxes…the purchaser information…the serial numbers…and any other unique or assigned identification numbers" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrases "any other unique or assigned identification numbers" are vague and ambiguous.

**Response:** Without waiving the foregoing objections, Defendant will produce documents demonstrating purchaser information, serial numbers, and other identification numbers as that term is reasonably understood. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

**RFP 11:** Produce documents sufficient to identify any purchaser of Green Boxes who took personal possession of a Green Box and the date on which each such purchaser took possession.

**Objections:**

- **Irrelevant:** The request for "documents sufficient to identify any purchaser of Green Boxes who took personal possession of a Green Box and the date on which each purchase took possession" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular detail is unduly burdensome and not proportional to the needs of the case. The

request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrases "personal possession" is vague and ambiguous.

**Response:** Without waiving the foregoing objections, Defendant will produce documents responsive to this request. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

**RFP 12:** Produce all documents relating to any refund requested by any purchaser of a Green Box or Green Node and the outcome of the request, including any records of refund payments.

**Objections:** Defendant objects to this request upon the following rules:

- **Irrelevant:** The request for "all documents relating to any refund requested by any purchaser of a Green Box or Green Node and the outcome of the request" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrase "outcome" is vague and ambiguous.

**Response:** Without waiving the foregoing objections, Defendant will produce documents responsive to this request. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

**RFP 13:** Produce all communications with customers regarding sales of Green Boxes, Green Nodes, and/or GREEN.

**Objections:** Defendant objects to this request on the following grounds.

- **Irrelevant:** The request for "all communications with customers regarding sales of Green

Boxes, Green Nodes, and/or Green" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular and far reaching detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrase "customer" is vague and ambiguous.

**Response:** Without waiving the foregoing objections, Defendant will produce documents responsive to this request. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

**RFP 14:** Produce all documents relating to training or guidance to affiliates or any person or entity, including Krohn, who had a role in selling Green Boxes, Green Nodes, and/or GREEN to customers.

**Objections:** Defendant objects to this request on the following grounds.

- **Irrelevant:** The request for "all documents relating to training or guidance to affiliates or any person or entity…who had a role in selling Green Boxes, Green Nodes, and/or Green customers" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular and far reaching detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrases "training or guidance," "role in selling," and, "customers" is vague and ambiguous.

**Response:** Without waiving the foregoing objections, Defendant will produce documents

responsive to this request. The production is being processed by Defendant's third-party vendor
and a link to such production will be provided in due course.

**RFP 15:** Produce documents sufficient to identify affiliates or any other person or entity who
had a role in selling Green Boxes, Green Nodes, and/or GREEN to customers.

    **Objections:** Defendant objects to this request on the following grounds.

- **Irrelevant:** The request for "documents sufficient to identify affiliates or any other
  person or entity who had a role in selling Green Boxes, Green Nodes, and/or Green to
  customers" is irrelevant to any of Plaintiff's claims which all relate to violations of the
  Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such
  granular and far reaching detail is unduly burdensome and not proportional to the needs
  of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrases "affiliates," "role in selling," and,
  "customers" is vague and ambiguous.

    **Response:** Without waiving the foregoing objections, Defendant will produce documents
responsive to this request. The production is being processed by Defendant's third-party vendor
and a link to such production will be provided in due course.

**RFP 16:** Produce all documents containing internal communications related to the development
of any software relating to Green Boxes, Green Nodes, and/or GREEN, including all Rocket-
Chat and Slack messages.

    **Objections:** Defendant objects to this request on the following grounds.

- **Irrelevant:** The request for "all documents containing internal communications related to
  the development of any software relating to Green Boxes, Green Nodes, and/or Green,

including all Rocket Chat and Slack messages" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular and far reaching detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrase "development" is vague and ambiguous.

**Response:** Without waiving the foregoing objections, Defendant will produce documents responsive to this request. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

**RFP 17:** Produce all documents concerning Thurston's relationship with Green United or any other entity involved in the development, marketing, or sale of Green Boxes or Green Nodes, including direct or indirect ownership interests, employment relationships, contractual agreements, management agreements, officer or director duties, or other financial relationships or transactions.

**Objections:** Defendant objects to this request on the following grounds.

- **Irrelevant:** The request for "all documents concerning Thurston's relationship with Green United or any other entity involved in the development, marketing, or sale of Green Boxes or Green Nodes" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular and far reaching detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrases "development," and "employment

relationships" is vague and ambiguous.

- **Calls for Legal Conclusion:** The requests call for documents related to "contractual relationships" calls for a legal conclusion.

**Response:** Without waiving the foregoing objections, Defendant will produce documents responsive to this request. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

**RFP 18:** Produce documents sufficient to identify the amount, type, and associated wallets of all crypto assets that were purported to be "mined" by Green Boxes and Green Nodes, including the amount of Bitcoin mined and associated wallets.

**Objections:** Defendant objects to this request on the following grounds.

- **Irrelevant:** The request for "documents sufficient to identify the amount, type, and associated wallets of all crypto assets that were purported to be 'mined' by Green Boxes and Green Nodes" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular and far reaching detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrases "purported" is vague and ambiguous.

**Response:** Without waiving the foregoing objections, Defendant will produce documents responsive to this request. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

**RFP 19:** Produce documents sufficient to identify the amount of any crypto asset, coin, or token, other than GREEN, including but not limited to Bitcoin, sent or transferred to purchasers of

Green Boxes or Green Nodes in connection with those purchases, including the identi[t]y of each such purchaser and associated wallets.

**Objections:** Defendant objects to this request on the following grounds:

- **Irrelevant:** The request for "documents sufficient to identify the amount of any crypto asset, coin, or token, other than GREEN, including but not limited to Bitcoin, sent or transferred to purchasers of Green Boxes or Green Nodes in connection with those purchases, including the identi[t]y of each such purchaser and associated wallets" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular and far reaching detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

**Response:** Without waiving the foregoing objections, Defendant will produce documents responsive to this request. The production is being processed by Defendant's third-party vendor and a link to such production will be provided in due course.

## RESPONSES TO INTERROGATORIES

**Interrogatory 7:** Identify and describe the source of this photograph that appeared in Defendants' Supplemental Memorandum dated September 25, 2023 (ECF No. 57 at 1), including the date, time, and location of the photograph.

**Objections:** Defendant objects to this request on the following grounds:

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997)

13

(Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive
determination of the action. To require answer for them would more likely cause delay
and unreasonable expense of time, energy, and perhaps money.").

- **Irrelevant:** This interrogatory is irrelevant to any of Plaintiff's claims which all relate to
violations of the Securities or Exchange Acts.

**Response:** Without waiving the foregoing objections, the Photo was taken in the year 2021
at the offices of Hatch Law Group. The identity of the photographer is currently unknown.

**Interrogatory 8:** Identify and describe the source of this photograph that appeared in
Defendants' Supplemental Memorandum dated September 25, 2023 (ECF No. 57 at 1), including
the date, time, and location of the photograph.

  **Objections:** Defendant objects to this interrogatory on the following grounds:

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster
interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may
related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997)
(Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive
determination of the action. To require answer for them would more likely cause delay
and unreasonable expense of time, energy, and perhaps money.").

- **Irrelevant:** This interrogatory is irrelevant to any of Plaintiff's claims which all relate to
violations of the Securities or Exchange Acts.

**Response:** Without waiving the foregoing objections, the photograph was taken in
September 2017 at Project Spokane, Missoula Montana. The identity of the photographer is
currently unknown.

**Interrogatory 9:** Identify all purchasers of Green Boxes or Green Nodes who received Bitcoin

or any crypo asset, coin, or toke, other than GREEN, in connection with the purchase or operation of Green Boxes or Green Nodes, including any purchasers who received Bitcoin because they elected to receive Bitcoin instead of GREEN, and associated amounts and wallets.

**Objection:** Defendant objects to this interrogatory on the following grounds.

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997) (Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive determination of the action. To require answer for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

- **Irrelevant:** The request for "the identity of all purchasers of Green Boxes or Green Nodes who received Bitcoin or any crypo asset, coin, or toke, other than GREEN, in connection with the purchase or operation of Green Boxes or Green Nodes, including any purchasers who received Bitcoin because they elected to receive Bitcoin instead of GREEN, and associated amounts and wallets " is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Compound:** This interrogatory has at least 3 distinct subparts, which should be separately counted toward the limit of 25 interrogatories to Green United by the Plaintiff.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular and far reaching detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

**Response:** Without waiving the foregoing, this information is being produced and can be found in the MongoDB databases that are being processed for production by Defendant's

third-party discovery vendor. Defendant maintains that it is not proportional to request the creation of such a long interrogatory response when the information is being provided in its native database.

**Interrogatory 10:** Describe any role, including the services or any contributions provided, the following entities had in connection with the sale, development, or marketing of Green Boxes or Green Nodes (including but not limited to any role in connection with software development, marketing, or administrative professional services): Block Brothers, LLC, True North Investments, LLC, Connect Blockchain, Inc., Connect United DAO, LLC, Elevate United DAO, LLC, and Green Box International Limited.

**Objection:** Defendant objects to this interrogatory on the following grounds.

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997) (Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive determination of the action. To require answer for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

- **Irrelevant:** The request for "the identity of all purchasers of Green Boxes or Green Nodes who received Bitcoin or any crypo asset, coin, or toke, other than GREEN, in connection with the purchase or operation of Green Boxes or Green Nodes, including any purchasers who received Bitcoin because they elected to receive Bitcoin instead of GREEN, and associated amounts and wallets " is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such

granular and far reaching detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrases "services," "contributions," and "development" is vague and ambiguous.

- **Compound:** This interrogatory has multiple distinct subparts, which should be separately counted toward the limit of 25 interrogatories to Green United by the Plaintiff.

- **Defendant only received Initial Disclosures** two days prior to the date this response was due. Consequently, Defendant reserves the right to supplement this interrogatory response when it has had the opportunity to review necessary documents from the initial disclosures.

**Response:** Without waiving the foregoing objections, an initial review of documents Defendant provides the following response:

- Block Brothers, LLC: Provided payment processing for Green United.

- True North [United] Investments: Provided loans to Green United.

- Connect Blockchain, Inc.: Had no role, including the services or any contributions provided, in connection with the sale, development, or marketing of Green Boxes or Green Nodes

- Connect United DAO, LLC: Defendant will supplement after reviewing necessary documents related within Plaintiff's initial disclosures.

- Elevate United DAO, LLC: Defendants do not believe this entity ever worked with Green, Green Boxes, or Green Nodes but reserves the right to supplement after reviewing necessary documents related within Plaintiff's initial disclosures.

- Green Box International Limited: Defendant will supplement after reviewing

necessary documents related within Plaintiff's initial disclosures.

**Interrogatory 11:** For the document that was previously produced to the SEC as GU_SEC_00001548, identify whether it is "a list of all of the wallets into which digital assets were deposited by purchasers of Green Boxes and Green Nodes," as described in Your counsel's letter dated November 9, 2022.

**Objections:** Defendants object to this interrogatory on the following grounds.

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997) (Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive determination of the action. To require answer for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

**Response:** Defendant has not yet had the opportunity to fully review Plaintiff's initial disclosures, copies of which were only provided two days prior to this response. Plaintiff reserves the right to respond further after having a chance to review the document as provided in initial disclosures.

**Interrogatory 12:** For the document that was previously produced to the SEC as GU_SEC_00001532, identify the source of and describe what data is contained in each of the 11 worksheets in the file (i.e., "global deal" "cart transactions_2022" "cart transactions_2021" "miscellaneous transactions" "green 19" "green 18" "connect 18" "connect 18-2" "connect 19" "codex 18" and "kgx 18").

**Objections:** Defendants object to this interrogatory on the following grounds.

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster

18

interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may

related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997)

(Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive

determination of the action. To require answer for them would more likely cause delay

and unreasonable expense of time, energy, and perhaps money.").

**Response:** Defendant has not yet had the opportunity to fully review Plaintiff's initial

disclosures, copies of which were only provided two days prior to this response. Plaintiff

reserves the right to respond further after having a chance to review the document as provided in

initial disclosures.

**Interrogatory 13:** Identify any transfers of any crypto asset, coin, or token or fiat currency, or

any other value to any entity or individual in connection with the so-called "Give" program,

including the transfers "to two of our Team's favorite charities" identified in previously

produced Bates-numbered page SEC-GU-E-0000947.

**Objections:** Defendants object to this interrogatory on the following grounds.

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster

  interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may

  related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997)

  (Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive

  determination of the action. To require answer for them would more likely cause delay

  and unreasonable expense of time, energy, and perhaps money.").

**Response:** Defendant has not yet had the opportunity to fully review Plaintiff's initial

disclosures, copies of which were only provided two days prior to this response. Plaintiff

reserves the right to respond further after having a chance to review the document as provided in

initial disclosures.

**Interrogatory 14:** Identify the serial number for each Green Box sold and the associated

purchaser.

    **Objection:** Defendant objects to this interrogatory on the following grounds:

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster
  interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may
  related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997)
  (Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive
  determination of the action. To require answer for them would more likely cause delay
  and unreasonable expense of time, energy, and perhaps money.").

- **Irrelevant:** The request for "the serial number for each Green Box sold and the
  associated purchaser" is irrelevant to any of Plaintiff's claims which all relate to
  violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such
  granular detail is unduly burdensome and not proportional to the needs of the case.  The
  request seeks information beyond the scope of the claims.

    **Response:** Without waiving the foregoing, this information is being produced and can be
found in the MongoDB databases that are being processed for production by Defendant's
third-party discovery vendor. Defendant objects maintains that it is not proportional to
request the creation of such a long interrogatory response when the information is being
provided in its native database.

    **Interrogatory 15:** Identify each Green Node sold by license number or other unique

identifier, and associated purchaser.

**Objection:** Defendant objects to this interrogatory on the following grounds:

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997) (Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive determination of the action. To require answer for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

- **Irrelevant:** The request for the identity of "each Green Node sold by license number or other unique identifier, and associated purchase" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrase "other unique identifier" is vague and ambiguous.

**Response:** Without waiving the foregoing, this information is being produced and can be found in the MongoDB databases that are being processed for production by Defendant's third-party discovery vendor. Defendant objects and maintains that it is not proportional to request the creation of such a long interrogatory response when the information is being provided in its native database.

**Interrogatory 16:** Identify all refunds requested by purchasers, including the identity of the purchaser, the amount of refund requested and (if applicable) any refunds paid.

**Objection:** Defendant objects to this interrogatory on the following grounds:

21

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997) (Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive determination of the action. To require answer for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

- **Irrelevant:** The request to identify "all refunds requested by purchasers, including the identity of the purchaser, the amount of refund requested and (if applicable) any refunds paid" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrase "other unique identifier" is vague and ambiguous.

**Response:** Without waiving the foregoing, this information is being produced and can be found in the refund database and documents that are being processed for production by Defendant's third-party discovery vendor. Defendant objects and maintains that it is not proportional to request the creation of such a long interrogatory response when the information is being provided in its native database.

**Interrogatory 17:** Identify and describe in detail any and all patents or patent applications, whether pending, abandoned, expired, or issued, that You or any related individual or entity own, have owned, have applied for, or have any ownership interest in, that relate in any way to the

Green Boxes, Green Nodes, or GREEN, including, but not limited to, the patent or application number and a brief description of how the patent or application relates to the Green Boxes, Green Nodes, of GREEN.

**Objection:** Defendant objects to this interrogatory on the following grounds:

- **Inappropriate Blockbuster Objection:** This interrogatory is a "blockbuster interrogator[y]" which is "hurl[ed]…at every conceivable detail and fact which may related to the case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997) (Blockbuster interrogatories "do not comport with the just, speedy, and inexpensive determination of the action. To require answer for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

- **Irrelevant:** The request to "describe in detail any and all patents or patent applications, whether pending, abandoned, expired, or issued, that You or any related individual or entity own, have owned, have applied for, or have any ownership interest in, that relate in any way to the Green Boxes, Green Nodes, or GREEN, including, but not limited to, the patent or application number and a brief description of how the patent or application relates to the Green Boxes, Green Nodes, of GREEN" is irrelevant to any of Plaintiff's claims which all relate to violations of the Securities or Exchange Acts.

- **Not Proportional, Unduly Burdensome:** Additionally, Plaintiffs broad request for such granular detail is unduly burdensome and not proportional to the needs of the case. The request seeks information beyond the scope of the claims.

- **Vague and Ambiguous:** The use of the phrase "other unique identifier" is vague and ambiguous.

**Response:** Without waiving the foregoing, this information is being produced and can be

found in the patent information that is being processed for production by Defendant's third-party discovery vendor. Defendant maintains that it is not proportional to request the creation of such a long interrogatory response when the information is being provided in its native database.

Marcus Patterson hereby certifies on behalf of Green United that the foregoing responses to interrogatories are true and correct to the best of his knowledge and based upon information that is reasonably available to him. Defendant reserves the right to supplement these answers if additional information becomes available.

DATED this 19th day of September 2025

_____

Marcus Patterson

The foregoing objections are made by counsel this 19th day of September 2025.

_____

Brennan H. Moss
*Attorney for Defendant Wright Thurson*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **RESPONSE TO**

**PLAINTIFF'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO**

**DEFENDANT GREEN UNITED, LLC** was served upon to the necessary parties by the

following email addresses on September 19, 2025.

/s/   Brennan H. Moss

MurphyJoh@SEC.GOV

McDonaldJa@SEC.GOV