**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION;<br><br>Plaintiff,<br><br>v.<br><br>GREEN UNITED, LLC, a United limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual;<br><br>Defendants,<br><br>v.<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability company; and BLOCK BROTHERS, LLC, a Utah limited liability company. | **MEMORANDUM DECISION AND ORDER DENYING [121] MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENAS TO BANKS AND TO ENTER A PROTECTIVE ORDER ENJOINING PREMATURE POST-JUDGMENT DISCOVERY**<br><br>Case No. 2:23-cv-00159-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Cecilia M. Romero |

Plaintiff United States Securities and Exchange Commission (SEC or Plaintiff) issued subpoenas to third parties Zion's First National Bank (Zions Bank) and Central Bank on August 12, 2025 (the Subpoenas). Before the court is a Motion to Quash or Modify Subpoenas and for a Protective Order Enjoining Premature Post-Judgment Discovery (Motion) (ECF 121) submitted by Defendants Green United, LLC (Green United) and Wright Thurston (Thurston) (collectively, Defendants), and Relief Defendants True North United Investments, LLC (True North) and Block Brothers, LLC (Block Brothers) (collectively, Relief Defendants). The SEC filed an Opposition (ECF 123), and a Reply was filed (ECF 124). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motion based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion.

1

## I.    BACKGROUND

This lawsuit alleges that Green United and Thurston, among others, violated various registration and anti-fraud provisions of federal securities laws when they offered and sold investment contracts involving computer hardware called Green Boxes and software called Green Nodes that they falsely claimed mined a crypto asset called "GREEN" (ECF 80, First Amend. Compl. (FAC) at ¶¶ 1–4, 22–24).[1] Relevant to the Motion, the SEC is seeking permanent injunctions and civil money penalties against Green United and Thurston as well as disgorgement from Green United, Thurston, True North, and Block Brothers.

The Subpoenas seek financial records from Zions Bank and Central Bank related to Thurston's personal bank accounts and Green United's accounts; True North's accounts and Block Brothers' accounts; and non-party Block United, LLC's (Block United) accounts, which Plaintiff alleges is controlled by Thurston (ECF 123 at 2).[2] Specifically, the Subpoenas seek production of information in the following eight categories (Requests):

1) electronic files of all account transaction data;
2) electronic image of all account opening, authority, and closing, including signature cards and debit card account numbers and cardholder names;
3) electronic image of all monthly account statements;

---

[1] Specifically, Plaintiff brings claims for violations of: (1) 15 U.S.C. § 77e(a) and (c)'s prohibitions on the sale of unregistered securities in interstate commerce (against all Defendants); (2) 15 U.S.C. § 77q(a)(1)'s prohibition on the employment of a device, scheme or artifice to defraud related to securities in interstate commerce (against Defendants); (3) 15 U.S.C. § 77q(a)(2)'s prohibition on using interstate commerce to obtain money or property by means of any untrue statements or omissions resulting in securities fraud (against Green United and Kristoffer Krohn (Krohn) who did not join in the present Motion); (4) 15 U.S.C. § 77q(a)(3)'s prohibition on engaging in any transaction, practice, or course of business, that would operate fraud or deceit upon a security purchaser (against all Defendants); (5) 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a) and (c)'s prohibitions on manipulative or deceptive practices and devices that would operate as fraud in interstate commerce and on the national securities exchange (against Defendants); (6) 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(b)'s prohibition on making untrue statements of material fact, or omitting the same in interstate commerce and on the national securities exchange (against Green United); (7) 15 U.S.C. § 78o(a)(1)'s prohibition of the use of interstate commerce to effectuate the purchase or sale of securities by an unregistered broker or dealer (against Krohn); and (8) equitable relief or disgorgement under 15 U.S.C. § 78u(d)(5), (7) (against Relief Defendants).

[2] Plaintiff offers that it already has some records from Central Bank as to certain accounts but may withdraw requests for records once it confirms if accounts were closed (ECF 123 at 2 n.2). As to Zions Bank, Plaintiff offers it discovered a new account for True North, and there may be a typographical error in the name listed in the Subpoenas, but will inform Zions Bank of the issues, and if requested by Zions Bank, issue a new subpoena (*id.* at 2 n.1).

4) electronic image of all documents related to monthly account statements;
5) documents identifying all extensions of credit information;
6) documents related to safety deposit boxes;
7) documents and communications between bank personnel and account holders or signatories; and
8) documents showing online access to the accounts including date, time, session length, transactions occurring during online sessions, and the IP address used to access the account for each session.

(ECF 124 (citing Def. Ex. 1, ECF 121-1 at 6–7; Def. Ex. 2, ECF 121-2 at 6–7)). Though not noted in the Motion, the Subpoenas are limited to the time frame of "January 1, 2018 to the present" (Def. Ex. 1, ECF 121-1 at 6; Def. Ex. 2, ECF 121-2 at 6).

In the present Motion, Defendants and Relief Defendants (Movants) ask the court to quash or modify the Subpoenas on the grounds that they are overly broad and prematurely seek post-judgment discovery (ECF 121 at 3). Movants also request entry of a protective order enjoining post-judgment discovery (*id.*). The SEC responds that the Subpoenas seek evidence of how the $18 million raised from Green Box and Green Node investors was received, process, held, managed, used, and transferred, which is relevant to liability and relief for the claims against Defendants and to the ill-gotten gains received by Relief Defendants (ECF 123 at 3). In Reply, Movants ask that the Subpoenas be quashed as to all accounts except for the Green United account (ECF 124 at 3), or alternatively, quashed as to Relief Defendants and Block United (*id.* at 6–9). Movants also alternatively request that the Subpoenas be modified to exclude Requests 2, 5, 6, 7, and 8 (*id.* at 4).

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the scope of discovery is broad, parties

may not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

"Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26." *Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-CV-512 CW, 2022 WL 4290099, at *1–2 (D. Utah Sept. 16, 2022) (citing *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995)). The court may or must quash a subpoena on a timely motion if it: "(1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits as set forth in Rule 45(c); (3) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B)).

### III.   DISCUSSION

#### A. Standing

As an initial matter, the court addresses whether Defendants and Relief Defendants have standing to bring a Motion relating to the Subpoenas.[3] "Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D.

---

[3] While Plaintiff does not appear to challenge Defendants' and Relief Defendants' standing to bring the Motion, Plaintiff notes that litigants lack standing to object on the grounds of undue burden (ECF 123 at 11 (citing *In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016) ("Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden."). The court agrees and will therefore limit its analysis under Federal Rule of Civil Procedure 26 to the arguments raised by Defendants and Relief Defendants relating to relevancy and proportionality.

Utah Nov. 9, 2015) (quoting *Richards v. Convergys Corp.*, No. 2:05–CV–00790–DAK, 2007 WL 474012 (D. Utah Feb. 6, 2007)). Courts have recognized that parties have "a privacy interest in their personal financial affairs that gives them standing." *See Ennis*, 2022 WL 4290099, at *2 (collecting cases); *see also Zurich American Insurance Company v. Ascent Construction*, No. 1:20-CV-00089BDD-CMR, 2021 WL 7186068, at *2 (D. Utah June 2, 2021) (A party has "a personal right with respect to its bank account records" and thus has "standing to move to quash a third-party subpoena." (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003))). Accordingly, the court finds that Defendants and Relief Defendants have standing to challenge the Subpoenas seeking records from bank accounts owned or controlled by them.[4]

### B. Relevancy

Movants argue that the Subpoenas are overly broad and seek information irrelevant to Plaintiff's claims (ECF 121 at 6). On this basis, Movants asks the court in the alternative to (1) quash the Subpoenas as to all accounts except for Green United's accounts; (2) quash the Subpoenas as to Relief Defendants and Block United; or (3) modify the Subpoenas to exclude Requests 2, 5, 6, 7, and 8. Relevancy is "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Ennis*, 2022 WL 4290099, at *2 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

As to the first request, it is unclear why Movants concede the relevancy of Defendant Green United's accounts yet challenge the relevancy of Defendant Thurston's accounts. Regardless, the

---

[4] While Block United is not a defendant in this case, Plaintiff alleges that Thurston has control over Block United's account (ECF 123 at 2), which is sufficient to establish Thurston's standing to challenge the Subpoenas based on a privacy interest in his financial affairs. *See Ennis*, 2022 WL 4290099, at *2.

court finds that Plaintiff has sufficiently established the relevancy of Defendants' accounts to its claims against Defendants for securities violations.

Regarding the second request, Movants argue that Relief Defendants' accounts and Block United's accounts are irrelevant because Relief Defendants and Block United are not listed as party defendants in this case (ECF 124 at 7, 9). Movants also contend that the information relevant to Plaintiff's disgorgement claims against Relief Defendants "could be gleaned from Defendants' financial transactions" (*id.* at 7). Movants also note that unlike Relief Defendants, Block United is not mentioned at all in the First Amended Complaint (*id.*). In the Opposition, Plaintiff explains in detail how the accounts requested in the Subpoenas relate to the flow of funds raised from Green Box and Green Node sales (ECF 123 at 5). Plaintiff points to evidence of transactions at Central Bank where Green Box investor funds were transferred to Block Brothers' account; funds were transferred from Green United's account to Block United's account; and Relief Defendants' accounts and Block Brother's account all transferred funds to Thurston's personal account (*id.*). Plaintiff also points to evidence that Block Brothers' account at Central Bank transferred to Thurston's account at Zions Bank (*id.*). On this basis, the court finds that Plaintiff has met its burden to demonstrate the relevancy of Relief Defendants' accounts and Block United's accounts as requested in the Subpoenas to Plaintiff's claims in this case. For these reasons, the court DENIES Movants' request to quash the Subpoenas.

Turning to Movants' request to modify the Subpoenas, Movants ask the court to exclude Requests 2, 5, 6, 7, and 8 on the grounds of overbreadth (ECF 121 at 8–9). Movants rely on the *Ennis* case, which held that a subpoena seeking "[a]ll account statements, transaction records, signatory authorizations, and correspondence regarding [certain] accounts held by [certain] entities …during the past 5 years" and "[a]ll documents, records, and communications related to lines of

credit or loans issued to [certain entities]" was "vastly overbroad." *Ennis*, 2022 WL 4290099, at *4. Movants argue that the Subpoenas in this case go even further than the one at issue in *Ennis* by requesting information relating to online access (ECF 121 at 8). Movants contend that Plaintiff is using the Subpoenas as a fishing expedition, noting *Ennis* held it is impermissible to use claims as a "free pass to fish though all of [another party's] financial records merely to see if anything interesting turns up." *Id.* (quoting *US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, at *4 (D. Utah May 22, 2020)).

Plaintiff distinguishes the *Ennis* case where the court found no colorable basis for relevance (ECF 123 at 10). As noted above, Movants concede the relevance of at least Green United's accounts. Plaintiff argues this case is more comparable to the *ASKM* case, which held that subpoenaed bank records were relevant to allegations of fraud and control of money transfers to corporate entities. *See ASKM, LLC v. Fry*, No. 2:08-CV-00786-TC-DN, 2009 WL 10692975, at *2 (D. Utah Oct. 20, 2009), The court agrees. As explained above, Plaintiff has adequately established the relevancy of the information sought by the Subpoenas to the alleged fund transfers. Movants have not made specific arguments explaining why Requests 2, 5, 6, 7, or 8 are irrelevant to Plaintiff's allegations or cited to authority demonstrating why these specific requests are objectionable. For these reasons, the court DENIES the Motion as to the request to modify the Subpoenas.

## C. Proportionality

Movants also argue that the Subpoenas are not proportional to the needs of the case as required by Rule 26 because they seek information that could be requested from Defendants and Relief Defendants through requests for production under Rule 34 (ECF 121 at 10). This is not a basis at present to grant the Motion. As noted by Plaintiff (ECF 123 at 8), courts have held that

7

discovery relating to the tracing of an issuer's receipt and management of proceeds of an unlawful securities offering "is directly relevant to the SEC's claims." *SEC v. Richman*, No. 21-CV-01911-CRB(LB), 2021 WL 4951484, at *1 (N.D. Cal. Oct. 25, 2021) (denying motion to quash subpoenas issued to third-party banks and finding that "records of the defendants' transfer of assets overseas" were "directly relevant" to the SEC's claims for "permanent injunctions, disgorgement, and civil penalties for alleged securities fraud"). Plaintiff is thus entitled to see the information directly from Zions Bank and Central Bank, and the information is both relevant and limited by time, as detailed above. The court therefore concludes that the Subpoenas are proportional to the needs of this case.

### D. Protective Order

Movants request a protective order enjoining premature post-judgment discovery, arguing that the Subpoenas seek asset information more properly sought under Rule 69 after judgment is entered (ECF 121 at 6). Although Movants cite cases where the SEC has engaged in post-judgment discovery regarding asset information (ECF 124 at 10),[5] Movants fail to identify any authority suggesting the SEC should be enjoined from engaging in prejudgment discovery regarding such information. Meanwhile, Plaintiff points to cases where the SEC has properly sought asset information during prejudgment discovery (ECF 123 at 9).[6] Because Movants have thus failed to meet their burden to show good cause for a protective order, the court DENIES the Motion as to the request for a protective order.[7]

---

[5] *See, e.g.*, *SEC v. Bronson*, No. 12-cv-641, 2021 WL 3167853 (S.D.N.Y. Jan. 19, 2021); *SEC v. Zubkis*, No. 97 Civ. 8086(JGK), 2003 WL 118498 (S.D.N.Y. Jan. 13, 2023); *SEC v. Pentagon Capital Management PLC*, No. 08 Civ. 3324(RWS), 2013 WL 5815374 (S.D.N.Y Oct. 29, 2013).

[6] *See, e.g.*, *SEC v. Shaohua Yin*, No. 17-CV-972 (JPO), 2020 WL 6801915, at *6 (S.D.N.Y. Nov. 19, 2020) (imposing sanctions on relief defendants for failing to comply with prejudgment discovery obligations).

[7] As noted by Plaintiff, the court agrees that any privacy concerns are adequately addressed by the existing standard protective order (ECF 123 at 10). *See* DUCivR 26-2 (explaining that the standard protective order "is effective by operation of this rule at the time a case is filed and does not need to be entered in a case docket to be effective").

## IV.    CONCLUSION AND ORDER

For the above reasons, the court hereby DENIES the Motion and ORDERS that Zions Bank and Central Bank respond to the Subpoenas within 30 days.

IT IS SO ORDERED.

DATED this 30 March 2026.

_Cecilia M. Romero_
Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah