James P. McDonald (N.Y. Bar No. 4823910/Col. Bar No. 61599)
McDonaldJa@sec.gov
Jodanna L. Haskins (Col. Bar No. 41285)
HaskinsJo@sec.gov
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294
Tel: (303) 844-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREEN UNITED, LLC, a Utah limited liability company; WRIGHT W. THURSTON, an individual; and KRISTOFFER A. KROHN, an individual;<br><br>Defendants,<br><br>TRUE NORTH UNITED INVESTMENTS, LLC, a Utah limited liability; and BLOCK BROTHERS, LLC, a Utah limited liability company;<br><br>Relief Defendants. | Case No.: 2:23-CV-00159-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Cecilia M. Romero<br><br>**PLAINTIFF'S SHORT-FORM DISCOVERY MOTION UNDER DUCivR 37-1(b) AND DUCivR 30-1(d) FOR PROTECTIVE ORDER TO STAY AND QUASH DEPOSITIONS OF SEC ATTORNEY AND PARALEGAL** |

Plaintiff Securities and Exchange Commission ("SEC"), pursuant to DUCivR 37-1(b) and 30-1(d), moves for a protective order to stay and quash depositions noticed by Defendant Green United, LLC of SEC attorney Laurie Abbott (Ex. 1) and paralegal Kyle Czirr (Ex. 2), an inappropriate effort to depose opposing counsel.

**BACKGROUND**

This SEC-enforcement lawsuit alleges that Green United, among others, violated the registration and anti-fraud provisions of the federal securities laws. Before this lawsuit commenced, SEC staff—principally Abbott—investigated Defendants and the conduct alleged in the Complaint. Czirr worked at Abbott's direction.

**ARGUMENT**

The deposition of opposing counsel is strongly disfavored and a well-recognized abusive litigation tactic; it "lowers the standards of the profession," "adds to the already burdensome time and costs of litigation," and engenders "pretrial delays to resolve work-product and attorney-client objections." *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). The party seeking the deposition must show "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."[1] *Id.* at 830; *Capana Swiss Advisors AG v. Rymark, Inc.*, 2024 WL 4564551, at *2-3 (D. Utah 2024) (applying *Shelton* to quash subpoena to counsel involved in events leading to litigation; rejecting argument that limiting requests to "non-privileged" information cured defect); *SEC v. Cavanagh*, 1998 WL 132842, at *2-4 (S.D.N.Y. 1998) (protective order for depositions of SEC attorneys).

Defendants' belated effort to depose the primary SEC investigative attorney, whose work-product and mental impressions were interwoven throughout a multi-year investigation conducted in anticipation of this lawsuit, meets none of *Shelton*'s criteria.

---

[1] Although *Shelton* has generally been addressed to attorneys, the rationale applies equally to a paralegal working at the attorney's direction. *C.f. United States v. Ary*, 518 F.3d 775, 782-83 (10th Cir. 2008).

First, adequate alternatives exist. Defendants can seek information from witnesses with firsthand knowledge. Abbott and Czirr have no such knowledge; what they know derives entirely from the words and documents of fact witnesses obtained during the investigation.

Second, the information sought is neither relevant nor nonprivileged. Based on conferrals, Defendants seek to depose Abbott about decisions and actions she took, or did not take, during the investigation, including how and why she prepared witness declarations and her evidentiary considerations. These matters are irrelevant to whether Defendants committed securities violations. Moreover, Abbott's rationale for investigative decisions was inextricably intertwined with her protected mental impressions and privileged communications.

Finally, these depositions are not critical. Defendants have taken only one other deposition to date, and made negligible efforts to depose the numerous firsthand witnesses—including the very investors whose purchases are at issue—whose testimony and the communications Defendants had with them are what actually matter.

The SEC conferred with defense counsel by email and telephone from April 6–14, and no agreement was reached.

Accordingly, the SEC respectfully requests a protective order.

Respectfully submitted this 17th day of April, 2026.

*/s/ James P. McDonald*
James P. McDonald
Jodanna L. Haskins
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
(303) 844-1000
McDonaldJa@sec.gov
HaskinsJo@sec.gov

3

## CERTIFICATE OF SERVICE

On this April 17, 2026, I hereby certify that I caused the electronic filing of a true and correct copy of the foregoing, and any attached materials, with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record registered with the CM/ECF system.

> /s/ James P. McDonald
> James P. McDonald
> U.S. Securities and Exchange Commission